**STATE of Missouri, Respondent,**

v.

**Jennie Knauer WHITE, Appellant.**

No. 37032.

Missouri Court of Appeals, St. Louis District. Division Two.

April 19, 1977.

Motion for Rehearing or Transfer Denied June 9, 1977.

Application to Transfer Denied July 11, 1977.

Gary L. Gardner, Asst. Public Defender, Melvin Franke, Union, for appellant.

Preston Dean, Asst. Atty. Gen., Jefferson City, Daniel M. Buescher, Pros. Atty., Union, for respondent.

SMITH, Judge.

Defendant was convicted by a jury of arson of a dwelling house and sentenced to two years imprisonment. She appeals.

On appeal she raises two contentions: (1) the court erred in failing to suppress her oral and written confessions and (2) the court erred in failing to sustain her motion for acquittal because there was no corroborating evidence of the corpus delicti of the

offense. Since we find defendant's second contention meritorious, we need not reach her first.

"Unless there is independent proof, either circumstantial or direct, of the essential elements of the corpus delicti, extra-judicial admissions, statements or confessions of the accused are not admissible in evidence, and where improperly admitted are insufficient to sustain a conviction." *State v. Summers*, 362 S.W.2d 537, 542 (Mo.1962) [13].

" . . . [T]his rule does not require full proof of the body of the offense, independent of the confession. If there is evidence of corroborating circumstances independent of the confession, which tends to prove the offense by confirming matters related in the confession, both the corroborating circumstances and the confession may be considered in determining whether or not the corpus delicti has been established." *City of St. Louis v. Watters*, 289 S.W.2d 444, 446 (Mo.App. 1956) [2–4].

■ Establishment of corpus delicti requires evidence that a crime has occurred.

■ The corpus delicti of arson is a fire of incendiary origin. There is no question a fire occurred, the question is incendiary origin. On February 27, 1973, at approximately 10:15 p. m. there was a fire on a second floor porch connecting four apartments. The fire was in cardboard boxes containing floor tile. The cardboard, the floor of the porch and the porch railing were burning when the fire was extinguished. The fire occurred about 10 or 12 feet from the door of defendant's apartment. During the fire, policemen broke into defendant's locked apartment to protect her and found her in bed, apparently asleep.

There was evidence that no faulty wiring existed in the vicinity of the fire, there was no lightning at the time of the fire, and no flammable liquids, matches or rags in the vicinity. The state premises its argument for affirmance upon the following question and answer:

"Q. And from your investigation you could not determine any natural cause for the fire. A. That's right."

■ This response does not support a conclusion that the fire was of incendiary origin. It does not necessarily eliminate all natural causes and it does not even purport to be directed at accidental causes. It is no more than a statement that the witness did not know what caused the fire. An unexplained fire is presumed to be the result of natural causes or accident or at least not of criminal origin. *State v. Paglino*, 291 S.W.2d 850, 857 (Mo.1956) [8, 9]. There is no evidence which tends to establish that an incendiary fire occurred or which corroborates defendant's statements. In that posture defendant's statements were erroneously admitted into evidence over objection and the court erred in not sustaining defendant's motion for judgment of acquittal.

Judgment reversed, defendant discharged.

McMILLIAN, P. J., and STEWART, J., concur.