STATE of Missouri, Plaintiff-Respondent,

v.

James Edward LEWIS, Defendant-Appellant.

No. 39546.

Missouri Court of Appeals, St. Louis District, Division One.

Aug. 8, 1978.

**126**

Paul L. Dobberstein, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Jeffrey A. Cowin, St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant James Lewis appeals from a judgment of conviction entered by the circuit court of the City of St. Louis, without a jury finding him guilty of arson of an occupied dwelling, § 560.010, RSMo 1969, and sentencing him to a term of five (5) years imprisonment.

For reversal appellant argues that the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to sustain a conviction. For the reasons stated below, we affirm the judgment.

From the evidence the court reasonably could have found the following: On February 24, 1977, appellant, homeowner Jeanette Davis, and a friend, Reginald Smith, were in Mrs. Davis' home. Appellant and Mrs. Davis had an argument and Mrs. Davis asked appellant to leave the house. Shortly thereafter, appellant knocked on the door and shouted obscenities at Mrs. Davis. She refused to open the door. Approximately one-half hour later, Mrs. Davis and Mr. Smith smelled smoke. Mr. Smith ran into the kitchen, looked out the window, and saw appellant running from Mrs. Davis' basement across the backyard. A fire investigator determined the fire to be the result of an act of arson.

Appellant testified in his own defense, to the following: that he had knocked over some paint and left the house to get some gas to clean up the paint; that he came back and knocked on the door but no one answered. Appellant further testified he saw two men in the Davis yard and chased them up the alley because he suspected they were prowlers.

■ Appellant contends that the trial court erred in overruling the motion for judgment of acquittal because the evidence was insufficient to sustain a conviction. To support a case of arson three elements must be proven by the state. First, a building was on fire; second, the fire was of incendiary origin; and third, the suspect participated in the commission of the crime. *See, e. g., State v. Bunton,* 453 S.W.2d 949, 952 (Mo.1970); *State v. Adams,* 537 S.W.2d 201, 202 (Mo.App.1976). Here the home in the present case was destroyed by fire; a fire investigator determined that the fire was of incendiary origin. Regarding the defendant's participation in the crime, all that is necessary is that it could reasonably be found that defendant was present and could have committed the crime. The ". . . evidence need not demonstrate the impossibility of innocence . . . ." *State v. Hatten,* 561 S.W.2d 706, 711 (Mo.App.1978). ". . . Presence, companionship and conduct before, during and after the commission of an offense are circumstances from which participation in the criminal act may be inferred. . . ." *State v. Jones,* 524 S.W.2d 186, 187 (Mo.App.1975).

In the instant case, there is no question about appellant's presence at the scene because as soon as Mrs. Davis and Mr. Smith smelled smoke, Mr. Smith testified that he rushed to the window and saw appellant running from the Davis basement where the fire originated. The circumstance coupled with the earlier argument and the vocal obscenities shouted out by the appellant are compelling circumstances pointing toward his guilt.

■ As the reviewing court, we must consider all the evidence and all reasonable inferences in the light most favorable to the state. Contrary evidence is to be discarded. *State v. Hatten, supra,* at 711; *State v. Scott,* 525 S.W.2d 410, 412 (Mo.App.1975).

Applying this standard to the facts at hand, we find that there was sufficient evidence to sustain the conviction. Appellant quarreled with Mrs. Davis, threatened her and was refused re-entry to her home. Mr. Smith saw appellant running from the home. Appellant's flight from the scene of the crime is relevant in determining the guilt. *State v. Rutledge,* 524 S.W.2d 449, 458 (Mo.App.1975). The fire investigator inspected the basement area and found a gas meter which suffered severe fire damage. There was a puncture mark in the top of the meter caused by a sharp object. This in itself would not, under the circumstances, start a fire unless ignited. There were rags hanging on the meter, one of which was combustible. The inspector felt that the hole was punched and lit immediately or the fire was set and the hole punched shortly thereafter. From these facts the court could reasonably have found that appellant participated in the crime.

Accordingly, the judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.