STATE of Missouri, Plaintiff-Respondent,

v.

Walter ROBINSON, Defendant-Appellant.

No. 47827.

Missouri Court of Appeals, Eastern District, Division Three.

June 26, 1984.

**744**

Dorothy Mae Hirzy Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant, Walter Robinson, Jr., was jury tried and convicted of first degree assault, § 565.050, RSMo 1978 and first degree burglary, § 569.160, RSMo 1978. Defendant, a prior offender, was sentenced to twenty-five years for assault and ten years for burglary to run concurrently. He appeals only the assault conviction.

**1.** INSTRUCTION A

A person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with them with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on December 25, 1982, in the City of St. Louis,

State of Missouri, the defendant or other person knowingly caused physical injury to Roy Gammage by means of a dangerous instrument.

then you are instructed that the offense of assault in the second degree has occurred, and if

Defendant's sole point on appeal is that the trial court erred in refusing to instruct the jury on second degree assault,[1] a lesser included offense, because there was evidence from which the jury could find that the physical injury sustained from the assault was not a serious physical injury.

We reverse.

The degree of assault committed is determined by the degree of injury to the victim. First degree assault is committed when defendant "knowingly causes *serious* physical injury to another person." § 565.050.1, RSMo 1978. (emphasis added). Second degree assault is committed when defendant "knowingly causes or attempts to cause physical injury to another ..." § 565.060.1, RSMo 1978.

The legislature has enacted a criminal code definition of serious physical injury. § 556.061.24 RSMo Supp.1982. It is there defined to be "physical injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any part of the body."

■ It was undisputed that the victim suffered a broken arm, a broken finger and cuts and bruises on his head and face. The statutory definition of serious physical injury is divisible into three categories: risk of death; serious permanent disfigurement; and, protracted loss or impairment of function. There was no evidence that the injury created any risk of death nor of any

you further find and believe from the evidence beyond a reasonable doubt:

Second, that with the purpose of promoting or furthering the

commission of assault in the second degree, the defendant acted together with or aided other persons in committing that offense, then you will find the defendant guilty under Count II of assault in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the propositions submitted in this instruction, you must find the defendant not guilty of that offense.

MAI-CR 19.04.2 Modified by 2.12
Submitted by Defendant
　　Refused August 11, 1983
　　By (signed) Jack L. Koehr
　　Judge

protracted loss or impairment of function. No expert medical evidence was offered and the victim did not testify about any of impairment of function. Defendant's contention is therefore reduced to whether from the undisputed evidence of injury the jury could find no serious permanent disfigurement. If so defendant-appellant was entitled to the instruction on the lesser included offense.

The trial court is required by § 556.046.2, RSMo 1978 to instruct the jury on lesser degrees of the offense charged and lesser included offenses of the offense charged. *State v. Olson*, 636 S.W.2d 318, 321 (Mo. banc 1982). Section 556.046.2 limits the requirement for instructing down to those instances where there is some affirmative evidence of a lack of essential element of the higher offense which would not only authorize acquittal of the higher but sustain a conviction of the lesser. *Olson* at 322. It is error for the trial court to fail to instruct on all lesser included offenses supported by the evidence. *State v. Flemming*, 528 S.W.2d 513 (Mo.App.1975).

■ There was evidence of disfigurement, since the victim showed the jury his crooked finger, however, it was for the jury to determine whether this constituted serious permanent disfigurement. Mere disfigurement alone does not invoke § 565.-050.1.

We find on the evidence that the jury, if fully instructed, may have found defendant not guilty of the crime charged but guilty of assault second degree. Defendant-appellant was therefore entitled to the requested instruction. *See, State v. Olson*, 636 S.W.2d 318 (Mo. banc 1982); *State v. Hill*, 614 S.W.2d 744 (Mo.App.1981).

We reverse and remand the charge of assault first degree.

REINHARD and CRANDALL, JJ., concur.