STATE of Missouri, Respondent,

v.

Earl G. TAYLOR, Appellant.

No. WD 37625.

Missouri Court of Appeals,
Western District.

Dec. 2, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1987.

Application to Transfer Denied
March 17, 1987.

Sean O'Brien, Public Defender, S. Dean Price, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for assault, second degree, in violation of § 565.060, RSMo Supp.1984, and armed criminal action, in violation of § 571.015, RSMo 1978. The judgment is affirmed.

Appellant presents two points which, in summary, charge the trial court erred (1) in submitting the verdict-directing instruction on armed criminal action because said instruction was in improper form in that it permitted the jury to find appellant guilty of a crime for which he was never charged, and (2) in overruling appellant's objection to certain comments made by the prosecutor during final argument.

There is no challenge to the sufficiency of the evidence, and indeed if there had been such a challenge submitted, the same would have been without merit. A brief summary of the pertinent facts suffices and those are disclosed upon the record as follows. The victim in this cause is William Earl Howard. His wife, Anita, is a cousin of appellant. At about 4:00 p.m. on January 29, 1985, Anita, along with another cousin, Linda Howard, left her and the victim's residence. The two picked up appellant at his residence and the trio proceeded to a local tavern called the Yum Yum Tree. There they met a friend, Janet Workcuff. After some drinks and a couple of other stops, the foursome arrived at the home of the victim and Anita. The victim had stayed home babysitting with his eleven-year-old step-daughter and his ten-month-old son. The four arrived around 9:00 p.m. While some of the minor details were varied, the testimony of the victim, his wife, Linda Howard, and Janet Workcuff established that the victim and appellant got into an argument over appellant's owing the victim money for the victim's having helped the appellant move. The victim testified that he told appellant to leave his house and appellant started toward the front door. The victim followed him to the door and thought appellant had left. According to the victim, appellant returned through the door and stabbed the victim on his little finger. The victim testified that he grabbed the knife in an attempt to prevent appellant from stabbing him again, the two wrestled, and fell to the floor. The victim then stated that the next thing he recalled was being treated for his wounds.

Medical evidence established a wound to his left little finger and a wound to the left ventricle of his heart. Appellant testified on his own behalf. He admitted stabbing the victim in the chest, but claimed that the wound to the victim's little finger resulted from the victim's grabbing the knife. Appellant stated that he carried a "buck knife" because he used it in his employment. Appellant gave the following account of events:

He stated that he and the victim got into an argument over the victim's claiming appellant owed him money. Appellant claimed that he had paid the victim. According to appellant, he was ordered from the victim's house and after some hesitation, he moved toward the front door. According to appellant, at this point the victim rushed at him and a struggle developed. Appellant stated that he saw the victim reach behind his back and appellant thought the victim was reaching for a gun. No weapon was ever found, and appellant stated that the only time he had seen or known of the victim having a handgun is when the victim owned a liquor store a few

years ago. The victim and his wife testified that he (the victim) did not own or possess a handgun. Appellant stated that the victim grabbed the knife after he (appellant) had opened a pouch on his belt and removed it (the knife), the two wrestled, fell, and the victim was stabbed during the struggle.

The evidence closed. Appellant had been charged with assault, first degree, and armed criminal action. The jury returned a verdict of assault, second degree, and armed criminal action. This appeal followed the overruling of timely-filed post-trial motions.

Under his point (1), appellant asserts that the trial court erred in the submission of the following instruction:

### INSTRUCTION NO. 10

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that the defendant is guilty under Count I of assault in the first degree or assault in the second degree, and

Second, that the defendant committed that offense by, with or through the use, assistance or aid of a deadly weapon, then you will find the defendant guilty under Count II of armed criminal action.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count II of armed criminal action, you will assess and declare his punishment at imprisonment by the division of corrections for a term fixed by you, but not less than three years or more than life imprisonment.

■ Appellant notes, and correctly so, that he was charged with assault, first degree, and armed criminal action. He argues that submission of the above instruction permitted his conviction for a crime (i.e., assault, second degree) which is a crime with which he was not charged.

Appellant asserts that he was never charged, either by indictment or information, with the crime of armed criminal action by committing assault in the second degree. He therefore contends that the judgment entered is entirely void under the rule announced in *State v. Gant*, 586 S.W.2d 755 (Mo.App.1979).

Appellant does not dispute and even concedes that assault, second degree, is a lesser and included offense of assault, first degree.[1] His assertion is "that armed criminal action by committing assault in the second degree is not a 'lesser included' charge of armed criminal action by committing assault in the *first degree* by, with, or through the use, aid and assistance of a dangerous instrument ..."

Appellant asserts that *Gant* controls because in *Gant* this court found that where an accused is found guilty of armed criminal action by committing murder, subsequent to his being charged with armed criminal action by committing assault, first degree, the judgment is void. He further asserts there is no authority under or pursuant to § 571.015, RSMo 1978 to submit a "lesser included" offense of armed criminal action. Appellant also cites to Notes on Use, MAI–CR2d 25.02.

Appellant's argument is three-pronged and is summarized as follows. He argues that there is no "lesser included" offense as that term is used in § 556.046, RSMo 1978. That statute reads as follows:

**556.046. Conviction of included offenses**

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

---

1. *See* § 556.046.1(2), RSMo 1978 and *State v. Battle,* 625 S.W.2d 252, 254 (Mo.App.1981).

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

Appellant argues that under § 556.046, one can be convicted of a "lesser included offense" in only three specific instances. First, an offense is an included offense when it is established by proof of the same or less than all the facts requisite to establish the offense charged. Appellant asserts that in the present case, the jury found him guilty of assault, second degree, by the finding of *an additional fact*, to wit, "sudden passion." Thus, appellant concludes that the jury did not, as required, find him guilty of a "lesser included offense", to wit, assault, second degree on the same or lesser facts than required to support a conviction of assault, first degree.

Appellant then asserts that an offense is an "included offense" when specifically designated as such by statute as a lesser degree of the offense charged. Appellant then cites to § 571.015, RSMo 1978 and concludes that that statute shows there is no "such 'lesser degree' specifically enumerated; therefore, the second of these specific instances is not found in the instant case." Section 571.015 reads:

**571.015. Armed criminal action, defined, penalty**

1. Except as provided in subsection 4 of this section, any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment by the division of corrections for a term of not less than three years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years.

2. Any person convicted of a second offense of armed criminal action shall be punished by imprisonment by the division of corrections for a term of not less than five years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon. No person convicted under the subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of five calendar years.

3. Any person convicted of a third or subsequent offense of armed criminal action shall be punished by imprisonment by the division of corrections for a term of not less than ten years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of ten calendar years.

4. The provisions of this section shall not apply to the felonies defined in sections 564.590, 564.610, 564.620, 564.630, and 564.640, RSMo.

The third prong of appellant's argument points out that an offense is "included" when it consists of an attempt to commit the offense charged. Appellant concedes, "This is clearly inapplicable to the instant case."

Thus, appellant concludes that he must have been put on trial for a specific offense and was to be convicted or acquitted of that specific offense. He concludes fur-

ther that in fact what occurred by the use of the above erroneous instruction was that he was found guilty under Count II of the information, armed criminal action, by the commission of assault, second degree, a crime for which he was never charged. He asserts that his conviction must be reversed.

What is apparent from appellant's argument is his contention that the charge of armed criminal action is or should be subclassified as to varying degrees of criminal culpability. For instance, appellant argues that armed criminal action must be charged (and instructed upon) for various degrees of criminal offenses. Thus, under his contention, there must be charged armed criminal action by the commission of assault, first degree, and/or armed criminal action by the commission of assault, second degree, and so on. Such assertion requires direct consideration of § 571.015.

Simply stated, § 571.015 does not prescribe the requirement asserted by appellant. Section 571.015 clearly and specifically declares, *"any person who commits any felony ..."* (emphasis added) Certain felonies are excepted by subsection 4 of the statute and that exception is not applicable herein.

Section 571.015 thus applies to the commission of *any* felony thus proven upon trial or by the entry of guilty plea. This statute does not prescribe the charging as separate offenses "lesser included" offenses and the statute does not lend itself to such an interpretation. Appellant's contention regarding such a requirement by the statute is without merit.

Appellant's reliance upon *Gant* is misdirected for various reasons. In the first instance, in *Gant* the defendant was charged with multiple felonies against multiple victims, to wit, murder first degree as to one victim and two counts of assault, with malice. As this court pointed out by way of a footnote to the opinion, the information lodged against Gant "made no effort to relate the 'armed criminal action' charge to any particular count of 'assault with intent to kill with malice aforethought', but was cast in broad general terms as noted." *Id.* 586 S.W.2d 758 Secondly, in *Gant*, as this court noted therein, the trial court erroneously instructed the jury as to armed criminal action upon the offense of murder as opposed to either or both of the two felony assault charges. Thus, in *Gant*, there was an obvious fatal variance between the information and the instruction submitted, requiring that conviction be voided. *Gant* had nothing to do with "lesser included" offenses and has no application to the present proceedings.

As to appellant's assertion that he was convicted by an additional fact, to wit, "sudden passion", and that he was thus not convicted by or upon the same or lesser facts than those which would have supported his conviction for assault, first degree, the offense of assault, second degree, is prescribed by statute as a lesser included offense of assault, first degree. *See* § 565.050, § 565.060, and § 556.046.1(2). Not only do the aforesaid statutes answer this question, but appellant herein actually concedes the point.

Inherent in appellant's argument is his concern with what he alleges to be a fatal variance between the charges lodged against him and the court's instruction upon the law so that one accused of a crime shall be able to prepare his defense; and upon either conviction or acquittal, he shall not be again charged with the same offense. Appellant's concern on both of these points is unfounded. Appellant was charged with assault, first degree, and thus all lesser included offenses. He was also charged with armed criminal action in committing the underlying felony. As noted above, § 571.015 has been herein determined to apply to *any* felony which is a lesser included offense of the felony charged. There is no question herein that appellant had sufficient notice of the charges against him, of which he was sufficiently informed to enable him to prepare his defense. The record shows that appellant entered his defense of self-defense to both the assault and the armed criminal action charges. The record discloses no request for a bill of particulars. While the same would have been available to appel-

lant, it would appear to have been of no significance under the facts and circumstances herein.

The now-challenged instruction, without question, finds support in the evidence upon the record. When any instructions finds evidentiary support, it is to be given. *State v. Daugherty*, 631 S.W.2d 637, 639 (Mo.1982). A trial court is also required to submit an instruction on lesser included offenses where warranted by the evidence. There is no challenge that the submitted instruction conformed to MAI. Appellant's further references to Note 5, Notes on Use, MAI–CR2d 25.02, simply have no application herein, as this case does not involve the excepted statutes set forth in § 571.-015.

Simply stated, what occurred herein is that appellant was properly charged by information with two counts. Count I was for assault, first degree. Count II was for armed criminal action. The evidence at trial also supported a submission by instruction of the charge of assault, second degree. The instruction was in proper form. The jury found appellant guilty of assault, second degree, and armed criminal action. The jury's finding of guilty of armed criminal action applied to its finding of the felony of assault, second degree, as § 571.015, by its very wording and by the further ruling of this court means *any* felony.

There was no fatal variance between the offenses charged by information and the now-challenged instruction submitted by the trial court. It is obvious upon this record that appellant was sufficiently placed on notice of the charges against him to enable him to prepare his defense. Also, there is no way, under the facts and circumstances herein that appellant could be tried again for the same offenses, so his assertion of double jeopardy simply is without any foundation.

There is no merit to appellant's point (1) and it is ruled against him.

Under his final point (2), appellant argues that the trial court erred in overruling his objection to the prosecutor's argument defining self-defense. Appellant alleges that the challenged statement was contrary to the submitted instructions and constituted an impermissible definition of the law of self-defense which misled and confused the jury.

The portion of the prosecution's argument challenged by appellant reads as follows:

I'll tell you what—I submit to you what the real story is that night. The real story is this defendant is out drinking with his cousin and friend and a new friend Janet, they were all having a great time. Bought some beer and then bought some more beer and they were drinking beer. Got to the place where a party was going to happen on a Tuesday night. What happened? The party went bad because Mr. Howard was in his home and he might have been upset and he asked the man to leave. That's the party gone bad. And this defendant was upset that he was asked to leave somebody's home he had known for a number of years. So what did he do? He stabbed the man in his heart. That is serious physical injury. There is no provocation, no sudden passionate act, according to his testimony. His testimony was he reached—he was standing outside and he reached for the gun so he pulled the knife out and had the knife in the air, then a fight ensued and he knew he didn't have a gun then, and a fight ensued and he accidentally got stabbed. That's not self-defense; he blew that. Self-defense is stopping them from doing something to you. He pulls a gun on you, shoot him with a gun, that's self-defense. According to his own testimony it wasn't self-defense. If you can believe him, it wasn't self-defense. So self-defense is not an issue.

MR. LOCKE: Your Honor, I object to that. Self-defense is an issue, that's why the court instructed on it.

THE COURT: Objection overruled.

MR. McKEON: Self-defense, granted, is in the instructions. You heard the testimony and I submit to you that you can throw that out and you can find this man

guilty of Assault in the First Degree and as it is in those instructions.

The instruction applicable to the discussion of this point reads as follows:

### INSTRUCTION NO. 8

One of the issues as to Count I is whether the use of physical force against William E. Howard was justifiable. The use of physical force including the use of deadly force is justifiable if used in lawful self-defense. On that issue you are instructed as follows:

1. The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. If the evidence in this case leaves in your mind a reasonable doubt as to whether the defendant acted in lawful self-defense in using physical force against William E. Howard, you must find the defendant not guilty under Count I.

2. If the defendant reasonably believed it was necessary to use deadly force to protect himself against what he reasonably believed to be the imminent use of unlawful force putting himself in an imminent danger of serious physical injury at the hands of William E. Howard, then the defendant acted in lawful self-defense and must be acquitted.

3. In determining whether or not the defendant acted in lawful self-defense you should consider all of the evidence in the case.

4. If the defendant reasonably believed it was necessary to use the amount of physical force he used in order to protect himself from William E. Howard, it is of no consequence that the appearances turned out to be false. If the defendant acted in lawful self-defense, as submitted in this instruction, he must be acquitted even though there was no purpose on the part of William E. Howard to seriously injury [sic] him and no actual necessity to use such physical force as he used.

There is no dispute herein that the above instruction conforms to MAI–CR2d 2.41.1 and § 563.031, RSMo 1978.

A review of the prosecution's argument and the applicable instruction leads this court to one conclusion: The challenged statements were statements not of the definitions of the law of self-defense, but rather, were comments concerning facts in evidence adduced at trial. The record supports those facts. Certainly any party may argue the facts as they pertain to the applicable law in a given case. General comments relative to the law are not error. *State v. Jordan*, 646 S.W.2d 747, 751 (Mo. banc 1983).

Appellant's challenge of the trial court's overruling his objection goes to the discretion afforded trial courts in regard to final argument. On appeal, an abuse of that discretion must be shown and absent a showing of such abuse, reversal will not occasion. *State v. Bohlen*, 690 S.W.2d 174, 177–178 (Mo.App.1985). Appellant has failed to show such abuse because, at the outset, the challenged comments were not an improper comment upon the applicable law.

There is no merit to appellant's final point (2) and it is ruled against appellant.

Judgment affirmed.

All concur.

