**STATE of Missouri, Respondent,**

v.

**Tommy Ray DORSEY, Appellant.**

**No. 51398.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 23, 1986.

Motion for Rehearing and/or Transfer
Denied Feb. 3, 1987.

Application to Transfer Denied
March 17, 1987.

Henry Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions of second degree assault of one Gene Jackson and of first degree arson of the apartment room where the assault took place. Defendant was sentenced as a persistent offender to concurrent prison terms of seven years for

the assault and five years for the arson. We affirm.

■ Defendant asserts he was entitled to an instruction on the lesser included offense of assault in the third degree. The jury was given the option to find, but did not find, defendant guilty of first degree assault if it believed defendant attempted to kill or cause serious physical injury to Gene Jackson by cutting him. The jury was given the option to find, and did find, defendant guilty of second degree assault if it believed defendant attempted to cause physical injury to Gene Jackson by means of a dangerous instrument. Defendant offered, and the trial court refused, an instruction on assault in the third degree which required a finding defendant recklessly caused physical injury to Gene Jackson by cutting him.

The evidence adduced at trial is as follows: At 1:30 a.m. on August 8, 1985, defendant entered the apartment where he was staying with his ex-wife. He was glassy-eyed and real drunk. He awakened Betty Dorsey, his ex-wife, by arguing and making disparaging statements. When defendant entered the apartment, Betty Dorsey's sons, Douglas, Gene, Ronnell and Demarco Jackson and their friends were watching movies in another room. Although Betty Dorsey and defendant went to bed, the argument continued with defendant making disparaging remarks. Thereafter, Betty Dorsey tried to hit defendant by throwing a glass vase and it landed on the floor.

When Betty Dorsey went to pick it up, defendant forced her toward the window, pushing her close to the windowpane of the ninth story apartment. She broke the glass vase in an attempt to use it as a weapon to protect herself. Defendant grabbed the vase with one hand and pressed against Betty Dorsey's throat with the other hand. When her sons Gene Jackson, age eighteen, and Douglas Jackson, age nineteen, entered the room, defendant forced Gene Jackson over the railing of the bed. Douglas Jackson grabbed defendant from behind. Defendant came down at Gene Jackson with the broken glass vase.

During the fight, Gene Jackson received cuts and scratches to his arm, shoulder and chest area. Betty Dorsey received cuts as well when she came behind Gene Jackson and tried to stop the broken vase. Defendant did not testify.

Instructing down is required when there is a "basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." § 556.046.2, RSMo (1978). This means affirmative evidence, factual or inferential, and not mere disbelief of part of the State's case. *State v. Olson*, 636 S.W.2d 318, 321–22 (Mo.banc 1982).

Assault third, § 565.070, RSMo (1978), is a lesser included offense of assault second, § 565.060, RSMo (Cum.Supp.1984), in two respects. It is specifically denominated as such, § 556.046.1(2), RSMo (1978), and it satisfies the statutory elements test. § 556.046.1(1), RSMo (1978); *State v. Taylor*, 645 S.W.2d 199, 201 [1] (Mo.App.1982). Knowing conduct includes reckless conduct. § 562.021.3, RSMo (1978); *State v. Yardley*, 628 S.W.2d 703, 705 [2] (Mo.App. 1982).

The court must instruct down if facts in evidence arguably show a lack of an essential element of the greater offense, thus affording a basis for conviction of the lesser. *State v. Wiggins*, 640 S.W.2d 161, 162 (Mo.App.1982). This means resolving all doubts in favor of instructing down, leaving the jury to decide the degree of culpability. *State v. Ellis*, 639 S.W.2d 420, 422–23 (Mo.App.1982).

Defendant asserts he was entitled to the lesser included offense of assault in the third degree because no one saw Gene Jackson injured as a result of an intentional act by defendant. Further, he says, the circumstances were consistent with the inference that the cuts were inflicted in conscious disregard of the risk posed by defendant's struggle.

The evidence was uncontradicted that defendant attempted to cause physical injury to Gene Jackson by means of a dangerous instrument. There was no affirmative evidence of a lack of an essential element of the second degree assault which would not

only authorize acquittal of the second degree assault but sustain a conviction of a third degree assault. *State v. Olson*, 636 S.W.2d 318 (Mo.banc 1982). Gene Jackson testified unequivocally defendant tried to cut him with the glass vase and did cause injury to his arm, shoulder and chest.

Defendant proffers insufficiency of the evidence for the arson conviction. He states there is no proof of how the fire was started, and the State had failed to sufficiently eliminate accident as a cause.

After the assault, defendant remained alone in the bedroom for approximately ten minutes with the door locked from the inside. Tearing noises and sounds of breaking wood could be heard coming from the bedroom. Defendant opened the door of a smoke- and fire-filled room. He came out screaming with a wooden bedpost in his hand. The fire caused extensive damage to the room. A police officer in the Bomb and Arson Unit testified that after reconstructing the bedroom and the scene, they concluded there had been a fire set in the bed which extended throughout the room causing extensive room damage. While the police officer stated on cross-examination that there might have been only one point of origin, he stated on direct that there were two points of origin of the fire, one in the northeast corner of the center floor bed and a second in an open closet along the wall.

The elements of arson in the first degree are (1) that the accused knowingly damaged an inhabitable structure (2) when persons were present (3) by starting a fire (4) which recklessly endangered the persons present. § 569.040, RSMo (1978); *State v. Hubbard*, 698 S.W.2d 908, 912[1] (Mo.App. 1985).

It is not enough to sustain a charge of arson that there was a fire. It must further appear that it was intentionally set by the defendant, that is, that it was of incendiary origin. *State v. Paglino*, 291 S.W.2d 850, 857 [8] (Mo.1956). An unexplained fire is presumed to be of natural or accidental origin. *Hubbard*, 698 S.W.2d at 912[2]; *State v. White*, 552 S.W.2d 33, 34[4] (Mo. App.1977).

Defendant's motive, exclusive presence in the room, opportunity and conduct before and after the fire was ignited are circumstances clearly establishing defendant's participation in the criminal act of arson. *State v. Lewis*, 571 S.W.2d 125, 127[4] (Mo.App.1978); and *State v. Easley*, 662 S.W.2d 248, 250 (Mo.banc 1983).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.