**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Steven R. HOVEN,
Defendant/Appellant.**

**WD 39241.**

Missouri Court of Appeals,
Western District.

Aug. 23, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for defendant/appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

Before CLARK, P.J., and
LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellant, Steven R. Hoven, was charged by amended indictment, filed October 22, 1986, with first degree burglary in violation of Section 569.160, RSMo., 1986, and first degree assault in violation of Section 565.-050, RSMo., 1986. On November 10, 1986, an amended information was filed at Kansas City charging appellant with the previously noted crimes and as a prior offender. Appellant was convicted by a jury in the Circuit Court of Jackson County for first degree burglary and second degree assault. Sentences were imposed at seven years for each crime with the sentences to be served concurrently to each other but consecutively to sentences imposed in Case No. CR85–1441, consecutively to the four year sentences for unlawful use of a weapon imposed in the City of St. Louis and consecutively to the three to ten year sentence appellant received in Kansas.

The facts, as related at trial by the victim, Sharon Kirby, and which formed the basis for appellant's convictions are not in dispute. Suffice it to say that Kirby and appellant first met through mutual friends in a volleyball group. They had been dating for four or five months as of March 23, 1985, the date of the incidents giving rise to the charges in the present case. About five or six weeks prior to March 23, 1985, appellant, while intoxicated, severely beat Kirby when the two were in St. Louis. Prior to the St. Louis incident appellant often spent the night at Kirby's home at Lake Lotawana and had a key to her house. However, following the assault in St. Louis, Kirby removed the key to her home from appellant's key ring.

Kirby and appellant did experience a brief period of reconciliation after the St. Louis incident. Kirby agreed to continue a relationship with appellant but told appellant that he was "not to come anywhere

near [her] or anywhere near [her] house when [he was] drinking."

At some point during the evening of March 22, 1985, Kirby and appellant made arrangements for appellant to come to Kirby's house. Before Kirby went to bed that evening she left her garage door down, but unlocked, so that appellant could gain entrance to the house. It was apparently sometime during the early morning hours of March 23, 1985, when Kirby was asleep in bed that appellant entered the house. Appellant entered the bedroom, began to choke Kirby and threatened to kill her. Appellant eventually dragged Kirby into the living room by her hair where the assault was continued. Kirby testified that she could tell by the smell of appellant's breath and by his actions that he had been drinking alcohol before he entered her home.

When appellant finally ceased his attack, Kirby was able to flee to a neighbor's home and the police were summoned.

Appellant presents three points on appeal. First, he contends that venue was improper pursuant to Section 478.461 RSMo., 1986 and therefore, the trial court was without jurisdiction to proceed in this case. As previously stated, appellant was tried in Kansas City. Appellant argues that because the offense occurred at Lake Lotawana, located in the Eastern portion of Jackson County, the proper place for trial was in Independence not Kansas City, which is the Western portion of Jackson County.

The original information charging appellant with first degree assault was filed on April 10, 1985, in the Circuit Court of Jackson County at Kansas City and the case was assigned to Division 15. On October 27, 1986, the amended indictment upon which appellant proceeded to trial was filed in Division 14, at Kansas City. Subsequently, on January 26, 1987, the cause was transferred to Division 13 in Kansas City where trial commenced on that same date.

During the pre-trial conference on January 26, 1987, the question of venue was raised by the court at which time the following transpired:

THE COURT: Then finally, we have a bit of an unusual—and I say this for your benefit—venue statute. These incidents occurred east of Range Line 33, or over in—where was it?

MS. PARKER: It was in Lake Lotawana.

THE COURT: Lake Lotawana on the east side of Jackson County. As a rule, they should be filed and tried out there, under the venue statute, but because of these circumstances, there will be an order from the presiding judge assigning them here for the purposes—under whatever purposes and basis and grounds he has, and I think that's been done now. So I say I assign them here but it is conditioned upon the presiding judge making that assignment here. And I really don't know whether that's jurisdictional requiring this or it's just a venue situation that's not jurisdictional and is waived by not objecting to it. But for purposes of this matter, we're going to have it assigned here by the presiding judge.

On that same day, the presiding judge ordered transfer of appellant's case and issued the following finding:

Now on this 26th day of January, 1987, the court being aware that a disproportionate number of cases are pending in one or more divisions in the Eastern portion of Jackson County;

The court finds that the transfer of this cause pending in Independence to Division 13 is necessary to effect the equalization of said disproportionate caseloads, to which end such transfer should and will be ordered.

The record indicates that the first time an objection was raised was in appellant's Motion for New Trial. During the conference on that motion, appellant's counsel acknowledged "... that the venue problem which I addressed in my motion—well, was waived by the fact that we did not object to the venue at the time—the change of venue at the time of trial." At the time the court also questioned whether or not there was

an order from the presiding judge transferring the case and appellant's counsel stated that he thought that was correct so he did not ... "think the venue issue [was] really a problem anymore."

■ Appellant's assertion that the trial court was without jurisdiction because the indictment upon which he was tried was filed in an improper venue misses the point. Appellant seems to confuse the concepts of jurisdiction and venue. It is true, as appellant asserts, that jurisdiction may be raised at anytime. It is also well established that where venue is improper, the court lacks jurisdiction. However, appellant fails to recognize the also well established rule that challenges to venue are waived unless presented before proceeding to trial and are waived even if raised in a motion for new trial. *State v. White*, 654 S.W.2d 288, 289 (Mo.App.1983).

Appellant's reliance on *Oney v. Pattison*, 747 S.W.2d 137 (Mo. banc 1988), is misplaced as the facts are clearly distinguishable. In that case the defendant filed a motion to dismiss for improper venue after accepting formal service of plaintiff's petition. The Missouri Supreme Court held that this motion was timely and was properly granted.

Furthermore, appellant also overlooks the pertinent provision of Section 478.461.-2(4), RSMo., 1986, which gives the presiding judge of the Sixteenth Judicial Circuit authority to transfer a case pending before a circuit judge of a division at Independence to a division at Kansas City or vice versa when the presiding judge determines that such transfer is necessary because one or more divisions in either portion of Jackson County have a disproportionate number of cases pending.

■ Because appellant failed to raise a timely objection to venue and because the presiding judge was clearly acting as authorized pursuant to Section 478.461.2(4), RSMo., 1986, appellant's point one is ruled against him.

Appellant's second point is that the trial court erred in instructing the jury on the lesser included offense of second degree assault because that offense contained an element not required to prove the charged offense of first degree assault. A lengthy discussion of this point is not required as the state does not dispute appellant's contention.

The state acknowledges that the test for what constitutes a lesser included offense is well established citing *State v. Smith*, 592 S.W.2d 165, 166 (Mo. banc 1979). The test as set forth therein is "that to be a necessarily included lesser offense it is essential that the greater offense include all of the legal and factual elements of the lesser * *." *Id.* In fact, the state admits that appellant's conviction for second degree assault should be reversed. This court agrees.

■ Second degree assault which can be inflicted by recklessly causing serious physical injury is not a lesser included offense of first degree assault which is committed by attempting to kill. Appellant's conviction for second degree assault is reversed.

Appellant's final point alleges that the trial court erred in overruling his motion for acquittal and for a new trial because there was insufficient evidence to support the burglary conviction. Because Kirby had agreed to allow him to spend the night at her house appellant maintains that the state failed to adequately demonstrate that he "knowingly" entered Kirby's house unlawfully.

In reviewing the sufficiency of evidence, the court of appeals determines whether there was sufficient evidence for the jury to find defendant guilty beyond a reasonable doubt considering only the evidence and inferences reasonably drawn from it which are favorable to the state. *State v. Oropeza*, 735 S.W.2d 2, 4 (Mo.App.1987). (Citations omitted).

Kirby had told appellant after the St. Louis incident not to come near her or her home if he had been drinking. Although this statement apparently was made some 5–6 weeks before March 23, 1985, the time lapse certainly was not so significant, as appellant would suggest, that the limitation

imposed by Kirby regarding appellant's drinking would have become tenuous.

 Therefore, the evidence of appellant's actions and the inferences favorable to the state which can be reasonably drawn therefrom provide a sufficient basis for a finding that appellant entered Kirby's home for the unlawful purpose of assaulting her and as such support the burglary conviction.

The conviction for second degree assault is hereby reversed and the conviction for first degree burglary is affirmed.

All concur.