**STATE of Missouri, Respondent,**

v.

**Monte DAILEY, Appellant.**

**No. WD 40139.**

Missouri Court of Appeals,
Western District.

Aug. 8, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Jim Lynn, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

Appellant was convicted by jury for assault, second degree, § 565.060, RSMo 1986 and armed criminal action, § 571.015.1, RSMo 1986. Appellant also sought post-conviction relief pursuant to Rule 29.15(*l*). These matters have been consolidated on appeal.

Appellant formally presents five points which, in summary, charge the trial court erred (1) in entering judgment for assault, second degree, because the evidence was insufficient to support the conviction; (2) in failing to submit a separate instruction for armed criminal action predicated upon the offense of assault, second degree; (3) in submitting the verdict-directing instruction, which included assault, second degree, as a lesser and included offense of assault, first degree, because assault, second degree, is not a lesser included offense; (4) in submitting the verdict-directing instruction, because that instruction failed to specify the means by which appellant attempted to cause physical injury; and (5) in denying post-conviction relief because appellant did not receive effective assistance of counsel.

The pertinent facts are as follows:

The victim herein, Rex Hill, rented pasture land from John and Veronica Craven in Worth County, Missouri. Early the evening of July 7, 1987, Hill went to the Craven property to feed some calves. When he arrived, he saw appellant and John Craven sitting in appellant's pickup truck, which was parked near the gate which provided access to the pasture area. Veronica Craven came from the Craven residence to assist Hill, and as she passed appellant's truck, she asked appellant to move his truck. Appellant refused. Hill, John and Veronica Craven commenced to unload feed and feed supplement from Hill's vehicle. John Craven then heard appellant say something like, "Rex Hill, kill, something." At this point, John Craven turned around toward appellant, who was pointing a rifle in the direction of Hill and himself (Craven). John Craven attempted to persuade appellant to put the rifle down, but appellant refused. Craven ordered his wife to go to the house. Meanwhile, Hill had gotten into his own vehicle. Appellant took a few steps and fired a shot. Craven placed himself between Hill and appellant, continuing to attempt to persuade appellant to put the rifle down. Appellant again refused. Meanwhile, as Veronica was walking toward the Craven residence, she passed appellant and heard him state that he was going to shoot Hill. She told appellant to stop what he was doing, and appel-

lant told her to shut up or he would shoot her also.

Veronica Craven later testified that she saw appellant shoot at Hill. She heard a second shot later, but because she was inside the house, she could not see appellant and Hill simultaneously. Meanwhile, Hill drove his vehicle into the pasture area. He later testified that appellant fired two more shots at him. Appellant offered no evidence.

The evidence closed. The jury returned its verdicts. Judgment was entered on the verdicts. Appellant sought post-conviction relief pursuant to Rule 29.15, but relief was denied after an evidentiary hearing. This appeal was lodged from both the criminal convictions and the post-conviction relief denial.

■ This court first addresses appellant's point (1), which asserts the insufficiency of the evidence to sustain his conviction. There is no need to recapitulate the factual account upon the record as the pertinent facts are set forth above. It suffices to state that the evidence upon the record was sufficient to sustain appellant's conviction, because that evidence discloses appellant's declaration of his intent to kill Hill and his firing two shots from a rifle at Hill. Appellant asserts that had he really intended to harm Hill, he could have, and the fact that his two shots missed Hill are proof that he did not intend to cause physical harm to Hill. From the evidence presented, a jury could have found that appellant intended to knowingly commit physical injury to Hill by using a deadly weapon.

Appellant's point (1) is without merit and is ruled against him.

Appellant's point (2) charges that the trial court erred in not submitting a separate instruction on the offense of armed criminal action predicated upon the offense of assault, second degree. On its face, such assertion seems a certain basis for reversal, as the record indicates that no such instruction was submitted.

■ The trial court submitted verdict-directing instructions on both assault, first degree, and assault, second degree, but submitted only a single instruction on armed criminal action predicated upon the offense of assault, first degree. Appellant asserts that this was error.

For purposes of clarity, the applicable instructions are set forth below:

### INSTRUCTION NO. 10

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that defendant committed the offense of assault in the first degree, as submitted in Instruction No. 5, and

Second, that defendant committed that offense by, with and through the use, assistance and aid of a deadly weapon,

then you will find the defendant guilty under Count II of armed criminal action.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of Count II of armed criminal action, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than three years.

### INSTRUCTION NO. 12

Under Count I, there has been submitted to you in Instruction No. 7, the offense of assault in the second degree.

Under Count II, there has been submitted to you in Instruction No. 10 the offense of armed criminal action.

You may find the defendant guilty or not guilty under Instruction No. 7 of the offense of assault in the second degree.

You may find the defendant not guilty of the offense of armed criminal action as submitted in Instruction No. 10.

If you find the defendant guilty under Instruction No. 7 of the offense of assault in the second degree, you may find the defendant guilty of the offense of armed criminal action as submitted in Instruction No. 10. If you do not find the defendant guilty of the offense of assault in the second degree, you may

not find the defendant guilty of the offense of armed criminal action as submitted in Instruction No. 10.

Appellant quickly points out, and the same can be observed from a comparison of the two foregoing instructions, that Instruction No. 10 contained no reference to or consideration of assault, second degree. Appellant then asserts that the trial court should have submitted a separate instruction on armed criminal action with reference to assault, second degree, patterned after MAI–CR3d 324.02.2.

■ If the record disclosed no other reference to this issue, appellant would be correct in his assertion, and the trial court would stand convicted of reversible error. However, a second or separate armed criminal action instruction was not submitted because of the objection of appellant's counsel. Objection to the separate instruction was premised upon its submission, giving "undue influence to [that] charge."

As part of trial strategy, appellant's counsel persuaded the trial court not to submit the separate instruction in order to avoid emphasis on that charge to the jury. By such action, appellant is foreclosed in raising this issue on direct appeal. He will not now be heard to complain relative to error which was committed by insistence on his own behalf. *State v. Preston*, 673 S.W.2d 1, 9 (Mo. banc 1984), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984). By insisting that the instruction not be given so as not to give "undue influence to [that] charge", it cannot be said that the error in not submitting the instruction was prejudicial to appellant. Rule 70.02(c).

Appellant's point (2) is without merit and is ruled against him.

Appellant's point (3) charges the trial court erred in submitting the verdict-directing instruction in such a manner as to include the offense of assault, second degree. Appellant maintains that assault, second degree, is not a lesser and included offense of assault, first degree. The pertinent part of the now-challenged instruction reads as follows:

INSTRUCTION NO. 7

If you do not find the defendant guilty of assault in the first degree, you must consider whether he is guilty of assault in the second degree....

■ Appellant contends that assault, second degree, is not a lesser included offense of assault, first degree, because assault, second degree, is an offense which includes the use of a deadly weapon or dangerous instrument, and that such element is not included within the offense of assault, first degree. Appellant then extends his argument, stating that although his counsel submitted such instruction, this action did not create or constitute a knowing agreement that appellant could be tried for a different crime other than that with which he was charged.

It is to be remembered that appellant, by amended information, was charged with assault, first degree, pursuant to § 565.050, RSMo 1986. Appellant was convicted of assault, second degree, pursuant to § 565.060, RSMo 1986.

Appellant lodges an extended argument relative to the so-called "statutory elements" test and concludes therefrom that assault, second degree, is not an included offense under assault, first degree, because pursuant to § 565.060.1(2), RSMo 1986, assault, second degree requires a showing that the assault was committed by "means of a deadly weapon or dangerous instrument" and such element is not a part of assault, first degree.

Appellant's entire assertion can be and is laid to rest by relying upon and reaffirming this court's decision in *State v. Taylor*, 724 S.W.2d 531, 535 (Mo.App.1986) and by reliance upon *State v. Dorsey*, 724 S.W.2d 610 (Mo.App.1986). This entire question of whether assault, second degree, is a lesser and included offense of assault, first degree, was considered in and answered affirmatively in *Taylor* and *Dorsey* and has been reasserted in other decisions. *See State v. Robinson*, 672 S.W.2d 743, 745 (Mo.App.1984). Further, when the Missouri General Assembly makes such a designation by legislative enactment, all "con-

stitutional requirements that one be apprised of the charge against him ... are met." *State v. Wilkerson,* 616 S.W.2d 829, 833 (Mo. banc 1981).

In support of his assertion, appellant cites to this court the prior decision of *State v. Hoven,* 759 S.W.2d 267, 270 (Mo. App.1988), which runs contrary to this court's decision in *Taylor.* Insofar as *Hoven* conflicts with *Taylor* and the decision herein, this court expressly overrules it and it is no longer to be followed.

One other matter must be considered. Appellant herein further relies upon *State v. Garms,* 750 S.W.2d 702 (Mo.App.1988) to support his assertion that he can now attack his conviction for assault, second degree, because that offense is not a lesser and included offense of assault, first degree. A reading of *Garms* leads to the following conclusions:

That case did not address the issue of lesser and included offenses or the question of a conviction of an offense for which the accused was charged. In *Garms,* the court ruled that the charges filed against the accused simply failed to allege any criminal act, so the trial court lacked jurisdiction.

Appellant's last assertion under this alleged error is that he did not knowingly and willingly agree to be tried on the offense of assault, second degree. This assertion is premised solely upon his argument that assault, second degree, is not a lesser included offense of assault, first degree, which, as noted above, is totally without merit.

In summary then, this court reaffirms its prior decision in *Taylor*—that assault, second degree, is a lesser included offense of assault, first degree, and overrules *Hoven* insofar as that decision is or may be inconsistent with the opinion herein.

Appellant's point (3) is found to be without merit and is ruled against him.

■ Under his point (4), appellant asserts that the trial court erred in the submission of the verdict-directing instruction, because that instruction failed to specify the means by which appellant allegedly committed the assault. That part of the verdict-directing instruction which is pertinent to this alleged error is as follows:

That on July 7, 1987 in the County of Worth, State of Missouri, defendant attempted to cause physical injury to Rex Hill by means of a deadly weapon,

A comparison of the foregoing portion of the instruction is made with MAI–CR3d 319.12:

(As to Count _____, if) (If) you find and believe from the evidence beyond a reasonable doubt:

That (on) (on or about) [date], in the (City) (County) of _____-__, State of Missouri, the defendant [Insert one of the following. Omit brackets and number.]

[1] (knowingly cause) (or) (attempted to cause) physical injury to [name of victim] by means of a (deadly weapon) (dangerous instrument) by [Insert means by which injury was caused or attempt was made such as a shooting, stabbing, etc.] him,

[2] recklessly caused serious physical injury to [name of victim] by [Describe conduct.]

then you will find the defendant guilty of assault in the second degree.

It becomes obvious that the submitted instruction follows MAI–CR3d 319.12, except for the insertion of the words "by shooting" in paragraph [1]. From this, appellant asserts that the court committed error in its submission.

■ The foregoing instruction was submitted at appellant's request. He is not now in a position to complain about the correctness of it. *State v. Preston,* 673 S.W.2d at 9. Furthermore, this court cannot conclude that the failure of the instruction to include the phrase "by shooting" could have confused or in any manner misled the jury. There was no dispute in the evidence that appellant aimed and fired two shots from his rifle at the victim Hill. That evidence was clear and obvious to the jury. This omission was harmless as it is clear that appellant suffered no prejudice therefrom.

Appellant's point (4) is found to be without merit and is ruled against him.

Appellant's final point, point (5), stems from his appeal of denial of his motion for post-conviction relief.

In compliance with Rule 29.15, appellant filed his motion for post-conviction relief. An evidentiary hearing was conducted and findings of fact and conclusions of law were entered. On this appeal, appellant (movant at this juncture of the proceedings) charges that the trial court (sitting as a hearing court in the Rule 29.15 motion at this juncture of the proceedings) erred in finding that he had received effective assistance of counsel.

▉ Appellant claims that he was denied effective assistance of counsel for three reasons. These are: (1) counsel submitted the verdict-directing instruction, which included assault, second degree, and that offense is not a lesser included offense of assault, first degree, with which he was charged; (2) counsel agreed with the verdict-directing instruction which failed to comply with MAI–CR3d 319.12, in that it failed to include the phrase "by shooting"; and (3) counsel failed to raise in the motion for new trial the trial court's failure to submit a second and separate instruction on the offense of armed criminal action premised upon the offense of assault, second degree.

No purpose is served in setting forth a long dissertation on the foregoing allegations. It is obvious under appellant's motion for post-conviction relief that he merely charges his trial defense counsel with ineffectiveness upon each point raised in his direct appeal from the criminal convictions. Stated another way, he asserts error in the submission of the verdict-directing instruction because it included assault, second degree as a lesser included offense of assault, first degree and it failed to include the phrase "by shooting." In addition, he charges error in the court's failure to submit a second and separate instruction on armed criminal action premised upon the offense of assault, second degree. He then asserts in his motion for post-conviction relief that his trial defense counsel was ineffective for having suggested the submission of the verdict-directing instruction in its final format and for objecting to the submission of a separate and second instruction on armed criminal action.

▉ From a reading and analysis of the record, it becomes obvious that trial defense counsel (on appellant's behalf) vigorously and continuously employed trial strategy designed to direct the proceedings away from the more serious offense of assault, first degree, toward the lesser offense of assault, second degree. It is obvious from the verdicts that this strategy was successful. As noted above, appellant's contention that assault, second degree, is not a lesser included offense of assault, first degree, is without merit. Trial defense counsel cannot be held to have been ineffective by the support of an instruction which correctly stated the law. It is apparent, by the inclusion of assault, second degree, that the jury was instructed on the offense of assault, second degree, and if it found from the evidence that appellant was guilty of that offense and not assault, first degree, then under the instruction it could enter such a verdict.

Further, it cannot be concluded that the omission of the phrase "by shooting" from the verdict-directing instruction was due to ineffective assistance of counsel. As the court noted in its findings of fact, trial defense counsel did not intentionally mislead the court by supporting the instruction with such an omission. The omission of the phrase "by shooting" fully comports with trial defense counsel's strategy in that the omission removed further reference for the jury that the assault by appellant was committed by shooting at the victim. Appellant has failed to show how, in any way, he was prejudiced by the omission or how trial defense counsel was ineffective in support of the instruction with the omission.

The final matter to be addressed is appellant's assertion that trial defense counsel was ineffective in having objected to the submission of a second or separate instruction on armed criminal action premised upon the offense of assault, second degree. The record indicates that the prosecution

sought such instruction. Defense counsel objected and prevailed. Again, such conduct by counsel was consistent with his trial strategy. Counsel clearly explained that he did not wish to unduly emphasize the offense to the jury by the submission of the additional instruction. By counsel's action, appellant became the direct beneficiary. Appellant has failed to show how counsel was ineffective or how in any manner he was prejudiced.

Trial defense counsel consistently made tactical decisions designed to benefit appellant. Such decisions are the protected independence both granted to and critical to an attorney's defense of an accused. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Appellant was properly charged, given a fair trial, judged guilty by a jury of his peers, and provided competent representation in his defense.

The judgment of the trial court relative to the criminal convictions is in all respects affirmed. The judgment denying post-conviction relief was not clearly erroneous and is in all respects affirmed.

All concur.