STATE of Missouri,
Plaintiff–Respondent,

v.

Michael GARMS, Defendant–Appellant.

No. 52937.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 17, 1988.

Shaw, Howlett, & Schwartz, Jay Knappenberger, Clayton, for defendant-appellant.

Joseph R. Calhoun, Louisiana, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant appeals from a conviction for three counts of a crime of assault third degree as Class "C" misdemeanors. The information alleged assault third degree as Class "A" misdemeanors on each count. The court submitted verdict directing instructions on the charged crimes and on Class "C" misdemeanors for each count. The jury recommended a county jail sentence of two days and a fine on Count I, a fine on Count II, and a fine on Count III. The court accepted the recommended jail time and imposed a $30 fine on each count. Defendant appeals claiming that the court never acquired jurisdiction on the basis of defective information on Counts II and III, defective verdict directing instructions on all counts, failure to permit cross-examination about a related civil lawsuit in order to explore bias and prejudice of a complaining witness, unduly restricting direct and cross-examination about the circumstances, permitting improper rebuttal evidence which permitted the state an opportunity to impeach its own witness, and, in permitting

improper argument by the state and disallowing proper argument by the defense. In addition, defendant claims that the evidence was insufficient to submit the charges.

■ This case must be reversed on jurisdictional grounds with regard to Counts II, and III. The information charged in Count II defendant committed a Class "A" misdemeanor of assault third degree when he "recklessly created a grave risk of physical injury to Donald Flynn Stewart by operating a motor vehicle in a reckless manner." Count III of the information was identical except the alleged victim was Francis Dyer. Both charges rely on provisions of Sections 565.070.1(4) and 565.070.2 RSMo 1978 which provide a Class "A" misdemeanor for conduct "which creates a grave risk of death or *serious* physical injury to another person." These counts failed to allege defendant's conduct created a grave risk of *serious* physical injury. As a result the charges do not allege a crime.

■ Our decision on the issue of sufficiency of the charges under Counts II and III is dictated by the holding of this court in *State v. Doering*, 708 S.W.2d 792, 794 (Mo.App.1986). We there noted:

> An indictment or information must allege all elements of the crime intended to be charged and if such elements are missing they cannot be supplied by intendment or implication. *State v. Gilmore*, 650 S.W.2d 627, 629 [6] (Mo. banc 1983). If the indictment is insufficient the court acquires no jurisdiction and anything that happens thereafter is a nullity. *State v. Gilmore*, 650 S.W.2d at 628 [2]. Lack of jurisdiction is not helped by a verdict and may be raised for the first time on appeal. *State v. Tierney*, 584 S.W.2d 618, 621 [2] (Mo.App.1979).

The state concedes that the failure to include the word "serious" in Counts II and III of the information was error but claims the error was harmless. The concept of harmless or nonprejudicial error has no application to a matter of jurisdiction. The statute requires serious physical injury as an element of the crime. Rule 23.01(b)(2) requires an information to state plainly, concisely, and definitely the essential facts constituting the offense charged. " 'Essential facts' means the elements of the offense and an information which does not allege the essential elements of the crime charged is void." *State v. Atterberry*, 659 S.W.2d 339, 341 (Mo.App.1983).

*State v. Doering* is significant to this appeal for the further reason that we there found the fact that where appellant was eventually convicted on a lesser included offense the presence of a valid information on the charged crime was required. *State v. Doering*, 708 S.W.2d at 794. However, that case also holds that jeopardy did not attach because the charges were void. *Id.* at 795.

■ Count I of the information alleged that defendant committed a Class "A" misdemeanor of assault in the third degree when he "recklessly caused physical injury to Herbert D. Sisco by striking Herbert D. Sisco with a motor vehicle." This charge was brought under Section 565.070.1(1) RSMo 1978. That section defines the crime of assault third degree if defendant "attempts to cause or recklessly causes physical injury to another person." Such charge is classified as a Class "A" misdemeanor. Section 565.070.2 RSMo 1978. However, defendant was convicted on an instruction which submitted the crime of assault third degree as a Class "C" misdemeanor defined in Section 565.070.1(5) which prohibits "knowingly ... [have] physical contact with another person knowing the other person will regard the contact as offensive or provocative." That section is classified under .2 as a Class "C" misdemeanor.

Verdict directing instruction No. 5 submitted the charged crime under Count I. Verdict directing instruction No. 7 submitted the Class "C" misdemeanor under Section 565.070.1(5). Instruction No. 7 was offered by defendant. Instruction 7 was apparently intended to submit a lesser included offense. In its brief the state confirms the belief this instruction was so regarded. The state contends, "[t]he class C misdemeanor is a lesser included offense of Assault in the Third Degree."

"To be a necessarily included offense it is essential that the greater offense include all of the legal and factual elements of the lesser. *State v. Smith*, [592 S.W.2d 165, 166 (Mo. banc 1979)]. As stated in *State v. Fleming*, [528 S.W.2d 513, 515 (Mo.App. 1975)]; 'an instruction on a lesser offense is not proper unless it is impossible to commit the greater without first committing the lesser, for otherwise the lesser is not properly a lesser offense to the greater'." *State v. Harris*, 620 S.W.2d 349, 354–55 (Mo. banc 1981). By this definition defendant was convicted of a crime which was not a lesser included offense of the charged crime. The only elements of assault third degree, a Class "A" misdemeanor as charged under Section 565.070.1(1) were: (1) a reckless act which (2) causes physical injury. Proof of this crime does not require proof of a knowing act, does not require proof of physical contact and does not require proof of any mental state of the victim or intent by defendant. On the other hand, defendant was convicted of a crime which does require proof of a knowing act, physical contact and a mental condition of the victim. The "greater" offense, reckless conduct causing physical injury, does not include any of the legal or factual elements of the "lesser" offense. The opposite is also true. We are forced to conclude that Instruction No. 7 did not submit a lesser included crime of the charged crime.

There is a further problem with a consideration of whether a crime requiring an intentional act can be a lesser included offense of a crime charging a reckless act. The reverse is clearly acceptable. Proof of an intentional act will support submission of a crime charged as reckless, but proof of a reckless act will not support submission of a crime charged as intentional. A crime defined in terms of recklessness is also committed if the actor acts purposely or knowingly. Section 562.021.3 RSMo 1978. The provisions of that section, however, also indicate that a knowing act must be a purposeful act. Knowledge is an essential element of a crime when the statute clearly so provides. Section 562.021.4 RSMo 1978. In the present case all that was charged

was a reckless act. In order to submit "knowingly" the charge must allege a knowing act.

Defendant did not assert before the trial court and did not argue to this court that the conviction on a lesser included offense to the crime charged in Count I must fail because the crime alleged in Section 565.-070.1(5) is not a lesser included offense to the crime charged under Section 565.070.-1(1). The parties and the trial counsel assumed defendant was convicted of a lesser included offense. Defendant offered the instruction which the court gave. This presents a question of whether defendant can agree to be tried for a crime not charged and not included within the charged crime. If so, we must determine whether on the facts of this case such a waiver occurred.

We noted earlier in this opinion that an indictment or information "must allege all elements of the crime intended to be charged and if [essential] elements are missing they cannot be supplied by intendment or implication." *State v. Gilmore*, 650 S.W.2d 627, 629 (Mo. banc 1983) *cert. denied*, 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986). If the indictment is insufficient the court acquires no jurisdiction and anything that happens thereafter is a nullity. *Id.* at 628. On Count I the court acquired jurisdiction over the crime of assault third degree by recklessly causing physical injury to Herbert D. Sisco. That crime was submitted to the jury by Instruction No. 5 submitted by the state. The jury found defendant not guilty of the charged crime. There is nothing in the record to support a knowing agreement that the defendant would be tried for a different crime, one containing no essential elements in common with the charged crime, unless submission of Instruction No. 7 constitutes such agreement. However, the record is entirely silent on the reason for submitting Instruction No. 7 except as a lesser included offense of the charged crime. The submission of the charged crime suggests no such agreement. Because it was not a lesser included offense, as a matter of law, we conclude that re-

quest for the instruction and its submission does not constitute an agreement to be tried for a crime which was not charged and not included within the crime that was. Accordingly, in the absence of an information on the crime submitted to the jury, or a greater offense which includes all of the legal and factual elements of the crime, the court was without jurisdiction over the offense defined in Section 565.070.1(5) and submitted as a lesser included offense. As a result the guilty verdict and judgment on Count I is a nullity except to the extent that the verdict found defendant not guilty of the charged crime. We need not decide the more general question of whether, during trial, a defendant may agree to complete the trial on the basis of a charge other than one made before trial, or a lesser included crime, assuming a full record of that intention. These circumstances did not arise in the present case.

We reverse and remand to the trial court with instructions to dismiss as to Counts II and III and to enter a judgment finding defendant not guilty on Count I only.

SMITH and KELLY, JJ., concur.