**STATE of Missouri, Plaintiff–Respondent,**

v.

**Gerry JOHNSON, Defendant–Appellant.**

**Gerry JOHNSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**Nos. 20035, 20702.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 8, 1996.

Rose M. Wibbenmeyer, Asst. Public Defender, Columbia, for defendant–appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

SHRUM, Judge.

The State charged that on February 6, 1993, Gerry Johnson (Defendant) distributed cocaine in violation of § 195.211, RSMo 1994.[1] A jury found Defendant guilty and because Defendant was found to be a prior and persistent offender, it was the trial court that set his sentence at thirty years imprisonment. Later, Defendant filed a timely motion for postconviction relief pursuant to Rule 29.15. Appointed counsel filed an amended motion. Relief was denied after an evidentiary hearing.

In No. 20035, Defendant appeals the judgment of conviction, his single point being that the trial court plainly erred in giving an instruction patterned after MAI–CR3d 325.04. In No. 20702, Defendant appeals the order dismissing his Rule 29.15 motion. The two appeals were consolidated as required by Rule 29.15(l) (1995).[2]

---

1. All references to statutes are to RSMo 1994 unless otherwise indicated.

2. Rule 29.15 (1995) applied as Defendant's sentence was pronounced before January 1, 1996. *See* Rule 29.15(m)(1996).

We affirm the judgment of conviction and dismiss the appeal from the order denying Defendant's Rule 29.15 motion.

The State adduced evidence that a "snitch" and a policeman, who was working undercover, bought .17 grams of cocaine base from Defendant for $50 on February 6, 1993. The conversation between Defendant, the snitch, and the policeman at the time of the transaction was recorded. A tape of the conversation as well as a transcript thereof was presented to the jury. Additionally, the policeman testified that he told Defendant that he wanted to purchase crack and Defendant answered that "he had it." The policeman also testified that he asked Defendant if it was "powder or . . . rock" and Defendant "related that it was rock crack cocaine."

The verdict of the jury found Defendant guilty, "as submitted in Instruction No. 6." This instruction was patterned after MAI–CR3d 325.04. Under that instruction Defendant had a sufficient mental state to be found guilty if he "consciously disregarded a substantial and unjustifiable risk that the substance so distributed was cocaine. . . ."

In his single point on appeal, Defendant contends that the trial court plainly erred in giving Instruction No. 6, because although it is an approved pattern instruction, it "does not conform with the substantive law, lowers the state's burden of proof, and results in a judicial usurpation of the legislative function . . . in that the portion of the instruction which provides the culpable mental state was based upon Section 562.021.2, RSMo 1986 which was repealed by the legislature in 1993." Defendant concedes that he never objected when the judge gave Instruction

No. 6 nor complained about it in his motion for new trial; thus this point of error was not preserved. Nevertheless, Defendant urges that we exercise our discretion to review his claim under the plain error standard of Rule 30.20.[3] He insists that the giving of an instruction patterned after MAI–CR3d 325.04 "clearly affected [Defendant's] substantive rights and, if left uncorrected, will result in manifest injustice and a miscarriage of justice."

In developing his argument, Defendant points out that the "Supreme Court's Committee on Charges and Instructions–Criminal" used § 562.021.2, RSMo 1986, in drafting MAI–CR3d 325.04:

"Since the statute [§ 195.211] does not prescribe a culpable mental state, the crime is committed if the defendant either knew that the substance he distributed, delivered or sold was a controlled substance or acted recklessly with regard thereto. Section 562.021.2, RSMo 1986. In both parts of the instruction, the mental state submitted must be 'recklessly' unless the state elects to submit the higher mental state of 'knowingly.'"

MAI–CR3d 325.04 n. 4. *See also* MAI–CR3d 304.11 n. 1. Continuing, Defendant correctly observes that § 562.021.2, RSMo 1986, was changed in 1993, by eliminating subsection 2 and replacing it with what had been subsection 3. It had included "recklessly" as a sufficient mental state to commit an offense where the definition of the offense did not expressly prescribe a culpable mental state. Section 562.021, before and after its amendment, is set forth marginally.[4]

**3.** Under Rule 30.20, "plain errors affecting substantial rights may be considered in the discretion of [an appellate] court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

**4.** Section 562.021 presently reads:

"1. If the definition of an offense prescribes a culpable mental state but does not specify the conduct, attendant circumstances or result to which it applies, the prescribed culpable mental state applies to each such material element.

"2. If the definition of an offense prescribes criminal negligence as the culpable mental state, it is also established if a person acts purposely or knowingly or recklessly. When

recklessness suffices to establish a culpable mental state, it is also established if a person acts purposely or knowingly. When acting knowingly suffices to establish a culpable mental state, it is also established if a person acts purposely.

"3. Knowledge that conduct constitutes an offense, or knowledge of the existence, meaning or application of the statute defining an offense is not an element of an offense unless the statute clearly so provides."

The 1993 amendment which brought § 562.021 to its present state deleted former subsection 2 and renumbered former subsections 3 and 4 as subsections 2 and 3. Former subsection 2 read:

With the foregoing as background, Defendant argues that under §§ 562.016[5] and 562.026[6], an accused is not guilty of a felony unless he or she possesses the requisite culpable mental state or unless "the statute defining the offense clearly indicates a purpose to dispense with the requirement of any culpable mental state as to a specific element of the offense." Defendant avers that since § 195.211 does not clearly indicate a purpose to dispense with the requirement of a culpable mental state as a specific element of the offenses therein described and because the portion of § 562.021.2 which served as a basis for establishing a mental state of "recklessness" was repealed in 1993, there was no statutory basis for imposing criminal liability on Defendant for acting "recklessly" *at the time he was convicted* on December 27, 1994. Thus, he claims that "[the] instruction makes certain conduct illegal even though such conduct is not statutorily prohibited."

 Defendant's argument is fatally flawed because the charge against him was based on an incident of February 6, 1993, which was before the legislature changed § 562.021.2.[7] Under the circumstances, § 1.160, RSMo 1986 applies. In pertinent part, it states:

"No offense committed ... previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except (1) that all such proceedings shall be conducted according to existing laws; and (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law."

Under § 1.160, the repeal of § 562.021.2, effective August 28, 1993, and its re-enactment on that date without "recklessly" being included as a sufficient mental state for § 195.211 offenses is immaterial to any of the issues in this case. *See State v. Mace*, 295 S.W.2d 99, 100 (Mo.1956). Contrary to De-

---

"Except as provided in section 562.026 if the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient."

5. § 562.016 reads as follows:

"1. Except as provided in section 562.026, a person is not guilty of an offense unless he acts with a culpable mental state, that is, unless he acts purposely or knowingly or recklessly or with criminal negligence, as the statute defining the offense may require with respect to the conduct, the result thereof or the attendant circumstances which constitute the material elements of the crime.

"2. A person 'acts purposely', or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result.

"3. A person 'acts knowingly', or with knowledge,

(1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or

(2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result.

"4. A person 'acts recklessly' or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

"5. A person 'acts with criminal negligence' or is criminally negligent when he fails to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow, and such failure constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation."

6. § 562.026 reads as follows:

"A culpable mental state is not required

(1) If the offense is an infraction and no culpable mental state is prescribed by the statute defining the offense; or

(2) If the statute defining the offense clearly indicates a purpose to dispense with the requirement of any culpable mental state as to a specific element of the offense."

7. The effective date of the change in § 562.021.2 was August 28, 1993. While the law contained an emergency clause, that clause did not apply to the change in § 562.021.2. 1993 Mo. Laws 1553–1567. Accordingly, the law became effective ninety days after the general assembly adjourned, or August 28, 1993. *See* Mo.Const. art. III, § 29.

fendant's arguments, the date he was convicted is immaterial. The date Defendant committed the offense is determinative, and the offense with which Defendant was charged simply was not affected by the August 28, 1993, change in § 562.021.2. *See State v. Gleason*, 813 S.W.2d 892, 897 (Mo. App.1991). Consequently, it is clear that no manifest injustice or miscarriage of injustice resulted from the trial court's giving of a pattern instruction modeled after MAI–CR3d 325.04. Defendant's single claim of trial court error on his direct appeal is denied.

Although Defendant filed a notice of appeal in case No. 20702, in his brief he presents no point relied on and no argument directed to that case. Thus he has abandoned, for purposes of appeal, those issues he presented to the motion court. *State v. Kendus*, 904 S.W.2d 41, 44[6] (Mo.App.1995); *State v. Gillispie*, 790 S.W.2d 519, 520 (Mo. App.1990).

We affirm the judgment of conviction in No. 20035. We dismiss the appeal in No. 20702.

MONTGOMERY, C.J., and PARRISH, J., concur.

