**STATE of Missouri, Respondent,**

v.

**Monte DAILEY, Appellant.**

**No. WD 59029.**

Missouri Court of Appeals,
Western District.

July 24, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 28, 2001.

Application for Transfer Denied
Sept. 25, 2001.

Craig A. Johnston, Asst. Public Defender, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M.. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

SPINDEN, Chief Judge.

Monte Dailey appeals the circuit court's judgment convicting him of failing to return to confinement. Dailey contends that the circuit court erred when it entered its written judgment and sentence because it was inconsistent with the circuit court's oral pronouncement of the sentence and because the judgment improperly referred to him as a persistent offender rather than a prior offender. He also complains that the circuit court erred in entering its judgment because venue was not proper in Cole County, a fatal variance existed between the indictment and the verdict director, and insufficient evidence supported the jury's verdict. We affirm but remand for resentencing.

The evidence established that Dailey, an inmate in the Department of Corrections' custody at Algoa Correctional Center in

Jefferson City in May 1997, was to be transferred to the Kansas City Community Release Center for his sentence's final year. Corrections officers released Dailey on the condition that he report to the Kansas City center by 1:30 p.m. on May 28, 1997. Dailey signed a form acknowledging his obligation to report to the center by the deadline and that his not reporting to the center would constitute an escape.

On May 28, 1997, a corrections officer took Dailey to the Jefferson City bus station where Dailey boarded a bus going to Kansas City. The bus left the station at approximately 8:30 a.m. Dailey never reported to the center. In January 1998, authorities arrested Dailey in Anchorage, Alaska.

A jury found Dailey guilty of failing to return to confinement. The circuit court sentenced Daily as a prior offender to two years in prison. When the circuit court orally announced its sentence, it did not indicate how the two-year sentence was to run in relation to Dailey's prior sentences from which he had been paroled. It did indicate in its written judgment that the sentence was to run consecutive to any probation revocation term and that Dailey was a persistent offender. Dailey appeals.

In his first point on appeal, Dailey asserts that the circuit court erred when it entered its written judgment and sentence because they were inconsistent with the circuit court's oral pronouncement of the sentence. The circuit court did not indicate in its oral pronouncement of the sentence whether Dailey's sentence was to run consecutively or concurrently with any resulting parole revocation terms, but it ordered in its written judgment that the sentences run consecutively.

Section 558.026, RSMo 2000, governs concurrent and consecutive prison terms. It says:

1. Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively. . . .

2. If a person who is on probation, parole or conditional release is sentenced to a term of imprisonment for an offense committed after the granting of probation or parole or after the start of his conditional release term, the court shall direct the manner in which the sentence or sentences imposed by the court shall run with respect to any resulting probation, parole or conditional release revocation term or terms.

In addition, Rule 29.09 provides:

The court, when pronouncing sentence, shall state whether the sentence shall run consecutively to or concurrently with sentences on one or more offenses for which defendant has been previously sentenced. If the court fails to do so at the time of pronouncing the sentences, the respective sentences shall run concurrently.

Dailey asserts that, because the circuit court did not indicate how the sentence was to run with any subsequent parole revocation terms at the time it orally pronounced the sentence, § 558.026.1 and Rule 29.09 require that the sentences run concurrently. The state counters that, because Dailey was on parole from his previous sentences when the circuit court orally pronounced its sentence, the circuit court could not order that the sentence it was imposing run concurrently or consecutively because Dailey was not serving any other sentence at the time.

■■■ Section 558.026.1 and Rule 29.09 are not applicable to Dailey's case. These provisions apply only when a court can impose multiple prison sentences. "[Section] 558.026.1 necessarily implies that a sentence can only be made consecutive to existing sentences arising from final

judgments." *State v. Cooper,* 811 S.W.2d 786, 790 (Mo.App.1991). When the circuit court entered its sentence in this case, Dailey was on parole, not serving a sentence, so § 558.026.1 and Rule 29.09 were not applicable.

■ Section 558.026.2, however, instructs the circuit court that, when it sentences a defendant for an offense committed after the granting of probation or parole, it "shall direct" how the sentence should run in relation to any sentence a defendant might be required to serve if the defendant's probation or parole is subsequently revoked. Nothing in § 558.026.2 says that the circuit court's failure to announce whether the sentence runs concurrently or consecutively with future possible parole revocation terms means that the sentence is automatically concurrent to any prospective prison term. Indeed, by mandating that the circuit court "shall direct," § 558.026.2 requires the circuit court to determine whether its sentence will run concurrently or consecutively in relation "to any resulting probation, parole or conditional release revocation term or terms." The circuit court did not direct how Dailey's sentence was to run in relation to any resulting parole revocation term when it orally pronounced Dailey's sentence.

The state argues that the circuit court complied with § 558.026.2 by indicating in its written sentence and judgment that the sentence was to run consecutively. It contends that nothing in § 558.026.2 required the circuit court to indicate how the sentence was to run at the time of sentencing or in Dailey's presence. We disagree.

■ "Judgment is a judicial act of the court. Its entry upon the record is a ministerial act of the clerk. A judgment derives its force from the rendition of the court's judicial act and not from the ministerial act of its entry upon the record." *State v. Williams,* 797 S.W.2d 734, 738 (Mo.App.1990). The judicial act of rendering judgment controls, not the ministerial act of entering it upon the record. *Id.* In a criminal case, the circuit court retains jurisdiction and can amend its oral pronouncement of sentence, but only to the point that it reduces its judgment to writing. *State v. Cooper,* 712 S.W.2d 27, 33 (Mo.App.1986).

■ In making its oral pronouncement, the circuit court violated § 558.026.2 by not indicating how Dailey's sentence for not returning to confinement was to run in relation to any sentence Dailey would be required to serve if his parole were revoked. The circuit court merely made the amendment in the written judgment by indicating that the sentences were to run consecutively. The circuit court was without authority to modify Dailey's sentence in this manner. *Id.* Dailey had a right to be present at the time of sentencing and to be heard on the circuit court's pronouncement. *Id.; see also* § 546.550, RSMo 2000. At sentencing, Dailey did not know whether his sentence would run concurrent or consecutive to any sentence imposed by the court for the revocation of his parole. Due process required that the circuit court pronounce in Dailey's presence whether the sentence was to run concurrently or consecutively in relation to any future parole revocation term. We, therefore, remand this case to the circuit court for resentencing so that the circuit court can direct in Dailey's presence how his sentence should run in relation to any term that might follow a parole revocation.

Dailey also asserts that the circuit court erred by indicating in its written judgment that it sentenced him as a "persistent offender." The state concedes that at trial the circuit court found Dailey to be a prior offender rather than a persistent offender; therefore, on remand, the circuit court can correct the written judgment to reflect

that Dailey was sentenced as a prior offender and not a persistent offender. *See State v. Jones,* 22 S.W.3d 194, 195–96 (Mo. App.1999).

In his next point, Dailey contends that the circuit court erred in denying his motion to dismiss for lack of venue. Dailey asserts that his failure to return to confinement occurred, "if anywhere, in Jackson County, not Cole County." Venue, however, is proper in any county where at least one element of the offense is committed. Section 541.033, RSMo 2000.

"A person commits the crime of failure to return to confinement if, ... while serving any ... type of sentence for any crime wherein he is temporarily permitted to go at large without guard, he purposely fails to return to confinement when he is required to do so." Section 575.220.1, RSMo 2000. Thus, the state had to prove (1) that Dailey was serving a sentence for armed criminal action, (2) that he was temporarily permitted to go at large without guard, and (3) that he purposely failed to return to confinement when he was required to do so.

■■■ The undisputed evidence established that Dailey was serving a sentence for armed criminal action at the Algoa Correction Center in Cole County and that authorities freed him temporarily without guard at the Jefferson City bus station, also in Cole County, for the limited purpose of his traveling to Kansas City where he was to report to the Kansas City Community Release Center. Although the crime was completed in Jackson County when Dailey did not report at the appointed time and place, the first two elements of the crime were committed in Cole County. Venue is not governed by where the crime is completed; rather, venue is proper in any county where at least one element of the crime occurs. *State v. Holmes,* 978 S.W.2d 440, 442 (Mo.App. 1998). Venue, therefore, was proper in

either Cole or Jackson County. The circuit court did not err in overruling Dailey's motion to dismiss for lack of proper venue.

In his next point, Dailey asserts that the circuit court erred in overruling his objections to the verdict directing instruction because a fatal variance existed between the indictment and the instruction. Dailey claims that the instruction "contained methods for the commission of the crime not charged in the indictment" and that the instruction alleged "a place of confinement" not alleged in the indictment.

The indictment said:

The Grand Jurors of the County of Cole, State of Missouri, charge that the defendant, Monte Dailey, in violation of Section 575 .220, RSMo, committed the class D felony of failure to return to confinement, punishable upon conviction under Section 558.011.1(4) and 560.011, RSMo., in that on or about May 28, 1997, in the County of Cole, State of Missouri, the defendant, while under sentence for assault in the second degree and armed criminal action to serve a term of confinement in the Missouri Department of Corrections and Human Resources, which was not continuous was at large without a guard, under a requirement that he return to confinement by 1:30 p.m. on said date, and knowing that he was required to return to confinement to the Missouri Department of Corrections and Human Resources at said time and date, purposely failed to do so.

The verdict directing instruction, however, required the jury to find:

First, that on or about May 28, 1997, in the County of Cole, State of Missouri, the defendant was serving a sentence in the Missouri Department of Corrections at the Algoa Correctional Center for armed criminal action

where he was temporarily permitted to go at large without a guard, and

Second, that defendant did go at large without guard, and

Third, that defendant was required to return to confinement at the K.C. Community Release Center in Jackson County, Missouri, by 1:30 p.m. on May 28, 1997, and

Fourth, that defendant knew that he was required to return to confinement at the K.C. Community Release Center by 1:30 p.m. on May 28, 1997, and

Fifth, that defendant purposely failed to return to confinement at K.C. Community Release Center by 1:30 p.m. on May 28, 1997[.]

Dailey asserts that, because the indictment contained the phrase "which was not continuous" instead of the proper phrase, "that he was temporarily permitted to go at large without a guard," a fatal variance existed between the indictment and the instruction.[1]

■■■■ A variance between the indictment and a jury instruction, however, is not fatal unless the variance is material and prejudicial. *State v. Madison*, 997 S.W.2d 16, 19 (Mo. banc 1999); *State v. Fowler*, 938 S.W.2d 894, 896 (Mo. banc 1997). "Variances are material when they affect whether the accused received adequate notice; variances are prejudicial when they affect the defendant's ability to defend against the charges." *State v. Whitfield*, 939 S.W.2d 361, 366 (Mo. banc 1997).

■■■■ Even if the variance in this case was material, and we need not so decide, it was not prejudicial. In determining prejudice, the Supreme Court enunciated this standard: "[U]nless the defendant can be said to have been prejudiced in that he would have been better able to defend had the information contained the phrase ..., he should not be entitled to relief on account of the variance." *State v. Crossman*, 464 S.W.2d 36, 42 (Mo.1971). Adding the phrase "that he was temporarily permitted to go at large without a guard" to the indictment would not have allowed Dailey to be better able to defend against the charge. The indictment and instruction hypothesized that Dailey was confined to the Department of Corrections' custody for committing armed criminal action, that Dailey was at large without a guard, and that Dailey purposely failed to report to confinement. The indictment clearly apprised Dailey of the charged crime, and Dailey was able to defend against the charges.

■■■■ Dailey also asserts that a variance existed between the "place of confinement" alleged in the indictment and the verdict directing instruction. The indictment charged Dailey with not returning to the "Missouri Department of Corrections," but the instruction required a finding that Dailey did not return to the "Kansas City Community Release Center." No meaningful difference exists between the Department of Corrections and the Kansas City Community Release Center because the center was operated by the Department of Corrections. Again, Dailey was not prejudiced by this alleged variance.

■■■■ In his last point Dailey asserts that insufficient evidence existed to prove his guilt beyond a reasonable doubt that he failed to "return" to the Kansas City

1. Section 575.220.1, RSMo 2000, says: "A person commits the crime of failure to return to confinement if, while serving a sentence for any crime under a work-release program, or while under sentence of any crime to serve a term of confinement which is not continuous, or while serving any other type of sentence for any crime wherein he is temporarily permitted to go at large without guard, he purposely fails to return to confinement when he is required to do so."

Community Release Center. He argues that, because he had never been confined at the center, he "could not have failed to *return* to a place he had never been." [2] We disagree.

Section 575.220.1 says only that the prisoner must fail to "return to confinement"—not that he must fail to return to the same institution in which he was originally confined. Dailey was confined to the Algoa Correctional Center and allowed to go at large without guard with instructions that he return to confinement, albeit at a different institution. Sufficient evidence existed to support Dailey's conviction for failing to return to confinement.

We affirm the circuit court's judgment, but remand for resentencing in accordance with this opinion.

PATRICIA A. BRECKENRIDGE, Judge, and THOMAS H. NEWTON, Judge, concur.