**STATE of Missouri, Plaintiff–Respondent,**

v.

**Richard B. HAGAN, Defendant–Appellant.**

No. 24246.

Missouri Court of Appeals,
Southern District,
Division Two.

July 9, 2002.

**448**

Ellen H. Flottman, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, John M. Morris, Assistant Attorney General, Jefferson City, for respondent.

JAMES K. PREWITT, Judge.

Following trial by jury, Richard B. Hagan ("Defendant") was convicted of one count of abuse of a child, § 568.060, RSMo Supp.1999, and two counts of promoting child pornography in the second degree, § 573.035, RSMo Supp.1999. With his one point relied on, Defendant argues that the trial court erred in instructing the jury on promoting child pornography in the second degree, and in entering judgment and sentence on those convictions, because (1) the minor involved ("R.S.") was not a child as

defined by § 573.010, RSMo 2000; thus, Defendant was not guilty of promoting child pornography in the first degree, the offense with which he was charged, and (2) promoting child pornography in the second degree is not a lesser included offense of promoting child pornography in the first degree.

Defendant does not challenge the sufficiency of the evidence to sustain his convictions. Viewed in the light most favorable to the verdict, the evidence specifically related to the counts on which Defendant was convicted indicates that R.S., who turned sixteen on January 14, 1999, met Defendant in May of 1999. R.S. informed Defendant of her age at that time. Between May and November 1999, R.S. was at Defendant's house several times, where Defendant took photographs of her and they had sexual intercourse on at least one occasion. The photographs included some in which R.S. was wearing lingerie, but he also took photographs of her while she posed nude in the shower. R.S. also testified that "[e]very time I'd go over to [Defendant's] home we had some sort of sexual conduct going on whether or not it was him or I or someone else."

On November 20, 1999, Defendant took R.S. to his house, telling her that he had arranged for two or three men to have intercourse with her and that he would pay her at least $200 if she participated. When they arrived at Defendant's house, three men were there: Damien Kinner, Eric Dotson, and Mike Peoples. First, Kinner and R.S. had sexual intercourse and participated in other sexual activity while Defendant videotaped them. While he videotaped them, Defendant periodically instructed them to perform certain acts. Kinner and R.S. then took a shower, after which time Defendant instructed R.S. to remove her clothes again and she engaged in sexual intercourse and other sexual activity with Kinner, Dotson, and Peoples while Defendant videotaped them. During this videotaping, Defendant also instructed the participants regarding particular acts or positions to perform. Approximately a week later, R.S. engaged in sexual activity with the same three men at Defendant's house, but no videotaping occurred on that occasion.

After receiving information from R.S.'s foster parents or the Missouri Division of Family Services, the sheriff's department in Pettis County, Missouri took a statement from R.S. and executed a search warrant on Defendant's residence. Among the items seized were photographs of R.S. and two videotapes that were made in Defendant's home in which R.S., Kinner, Dotson, and Peoples appeared and Defendant's voice was audible.

On January 6, 2000, Defendant was charged by indictment with twenty-one felony offenses, and an information in lieu of indictment was subsequently filed that charged him with a total of six counts, including one count of abuse of a child and two counts of promoting child pornography in the first degree.[1] On Defendant's motion, the venue was changed to Dallas County and trial held on March 22 and 23, 2001.

At the close of the State's evidence, Defendant filed a motion for judgment of acquittal. With regard to the two counts of promoting child pornography in the first

---

1. The remaining counts included two counts of statutory rape in the second degree, one count of promoting prostitution in the third degree, one count of statutory sodomy in the second degree, and one count of endangering the welfare of a child in the first degree. Defendant was not convicted on these counts, they are not at issue on appeal, and will not be further discussed.

degree, the defense argued that the statute included an element that a participant portrayed in the material be a child, which was defined by § 573.010, RSMo 2000, as a person under the age of fourteen. *See* § 573.025, RSMo 2000. Therefore, since the State's evidence was that R.S. was sixteen at the time the alleged offenses occurred, the defense asked that the trial court find Defendant not guilty of those two counts.

The State argued that the statute in effect at the time of the offenses did not refer to a participant under age fourteen, but rather to a definition of child pornography that referred to the participant/observer being under the age of eighteen. *See* § 573.025, RSMo Supp.1999; § 573.010, RSMo Supp.1999. The defense countered by arguing that a defendant is always afforded the benefit of a change in statute, but not a detriment. As the bench conference continued, the defense compared the most current versions of the statutes for promoting child pornography in the first degree and second degree, respectively, and noted that the only difference in the two statutes was that first degree referred to a child under the age of fourteen and second degree referred to a minor under the age of eighteen.

The State conceded that the defense might be correct, but argued that the court should not dismiss the first degree counts, but submit the lesser included offense of child pornography in the second degree, "because that's what the evidence supports." Defendant argued that second degree was not a lesser included offense, because first degree included the element that the person be under the age of fourteen and second degree included the element that the person be under the age of eighteen; therefore, there was an element in each that was not in the other.

The trial court ruled that although Defendant had a valid point concerning promoting child pornography in the first degree, it agreed with the State that promoting child pornography in the second degree was a lesser included offense and that the situation would be handled in terms of instructions. Although the docket reflects that the State was granted leave to amend the charge in the two counts discussed from promoting child pornography in the first degree to the lesser included offense of promoting child pornography in the second degree, apparently because the trial court had determined the situation could be cured in the instructional phase, no such amendment occurred.

During the instruction phase of the trial, Defendant objected to the two instructions tendered by the State that related to promoting child pornography in the second degree, as well as allowing the State to amend the information to allege the second degree charge. The basis of Defendant's argument was that promoting child pornography in the second degree was not a lesser included offense. The trial court overruled Defendant's objections, but did allow the instructions to be re-written based on Defendant's suggestion that they should reference a maximum fine and punishment at the class C felony level, rather than the class D felony level, which the trial court agreed was an "error." The State agreed with and approved of the changes.

The jury convicted Defendant of one count of abuse of a child and two counts of promoting child pornography in the second degree, all of which were designated as class C felonies. Defendant was sentenced to six months for the count of abuse of a child and seven years on each of the counts of promoting child pornography in the sec-

ond degree, with the sentences to be served concurrently.

Defendant's sole point relied on charges that the trial court erred in instructing the jury on promoting child pornography in the second degree. Defendant argues that, since R.S. was not a child under the age of fourteen at the time the offenses were committed, Defendant was not guilty of promoting child pornography in the first degree. Further, Defendant argues that promoting child pornography in the second degree is not a lesser included offense of promoting child pornography in the first degree and, thus, the jury should not have been instructed on it. Therefore, Defendant contends that the judgment and sentence on those convictions must be reversed.

Our analysis must start with a consideration of the statutes for promoting child pornography in the first degree and promoting child pornography in the second degree that were in effect at the time the offenses were committed and the revisions or amendments that occurred in August 2000.

**573.025.** [RSMo Supp.1999] **Promoting child pornography in the first degree**

1. A person commits the crime of promoting child pornography in the first degree if, knowing of its content and character, he photographs, films, videotapes, produces or otherwise creates child pornography, or knowingly causes another to do so.

2. Promoting child pornography in the first degree is a class B felony, and upon conviction an additional fine of at least five thousand dollars, but not more than five hundred thousand dollars may be added to any other penalties imposed by law.

**573.035.** [RSMo Supp.1999] **Promoting child pornography in the second degree**

1. A person commits the crime of promoting child pornography in the second degree if, knowing its content and character, he:

 (1) Sells, delivers, exhibits or otherwise makes available, or offers or agrees to sell, deliver, exhibit, or otherwise make available, any child pornography; or

 (2) Buys, procures or possesses child pornography with the purpose to furnish it to others.

2. Promoting child pornography in the second degree is a class D felony, and upon conviction an additional fine of at least five thousand dollars, but not more than five hundred thousand dollars may be added to any other penalties imposed by law.

**573.025.** [RSMo 2000] **Promoting child pornography in the first degree**

1. A person commits the crime of promoting child pornography in the first degree if, knowing of its content and character, such person possesses with the intent to promote or promotes obscene material that has a child as one of its participants or portrays what appears to be a child as a participant or observer of sexual conduct.

2. Promoting child pornography in the first degree is a class B felony unless the person knowingly promotes such material to a minor, in which such case it is a class A felony.

3. Nothing is this section shall be construed to require a provider of electronic communication services or remote computing services to monitor any user, subscriber or customer of the provider, or the content of any communication of any user, subscriber or customer of the provider.

**573.035.** [RSMo 2000] **Promoting child pornography in the second degree**

1. A person commits the crime of promoting child pornography in the second degree if knowing of its content and character such person possesses with the intent to promote or promotes child pornography or obscene material that has a minor as one of its participants, or portrays what appears to be a minor as a participant or observer of sexual conduct.

2. Promoting child pornography in the second degree is a class C felony unless the person knowingly promotes such material to a minor, in which case it is a class B felony.

Definitions that are of significance to our analysis are that of "child pornography," "minor," and "child." While the definitions of child pornography and minor were provided both pre–2000 and 2000, the definition of child was added in 2000.

"Child pornography," any material or performance depicting sexual conduct, sexual contact, or a sexual performance, as these terms are defined in section 556.061, RSMo, and which has as one of its participants or portrays as an observer of such conduct, contact, or performance a child under the age of eighteen; provided, that it shall not include material which is not the visual reproduction of a live event. Section 573.010(1) RSMo Supp.1999.

"Child pornography," any obscene material or performance depicting sexual conduct, sexual contact, or a sexual performance, as these terms are defined in section 556.061, RSMo, and which has as one of its participants or portrays as an observer of such conduct, contact, or performance a child under the age of eighteen. Section 573.010(2), RSMo 2000

"Minor," any person under the age of eighteen. Section 573.010(6), RSMo Supp.1999, and Section 573.010(7), RSMo 2000

"Child," any person under the age of fourteen. Section 573.010(1), RSMo 2000

One of Defendant's arguments during the trial was that a defendant always gets the benefit of a change in a statute, but not the detriment, which is an argument the State addresses in its brief and Defendant revisits in his reply brief. However, Defendant's statement at trial was a mischaracterization of a statute that addresses the situation where a statutory provision has been appealed or amended, which states in part "[t]hat if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law." § 1.160, RSMo Supp.1999. The body of that statute states:

No offense committed, and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended. § 1.160, RSMo Supp.1999.

■ As the State correctly indicated during the trial, § 1.160 is relevant first and foremost to the determination of which version of a statute applies. *See State v. Johnson*, 937 S.W.2d 237, 239–40 (Mo.App. 1996). "The date Defendant committed the offense is determinative." *Id.* at 240. The statute in effect at that time, which in the instant case was November of 1999, is the one that controls the proceedings. *See id.* Therefore, that the statute for pro-

moting child pornography in the first degree was changed effective August 2000, should have had no bearing on the proceedings at bar, except on sentencing, if the amended statute had included a reduction in penalty or punishment. *See State v. Sales*, 58 S.W.3d 554, 562 (Mo.App. 2001); § 1.160(2), RSMo Supp.1999.

Reference to the pre–2000 and 2000 versions of § 573.025, promoting child pornography in the first degree, show that, while the statute itself was revised significantly, those revisions did not include any reduction in penalty or punishment. *See* § 573.025, RSMo Supp.1999; § 573.025, RSMo 2000. Therefore, even though the 2000 revisions indicate that one may only be charged and convicted of promoting child pornography in the first degree if a person under fourteen years of age is either a participant (or the material portrays what appears to be a person under fourteen years of age as a participant or observer), one could be appropriately charged and convicted under the pre–2000 statute if one of the participants (or one portrayed as a participant or observer) is under the age of eighteen. *See* § 573.025, RSMo 2000; § 573.010(1), RSMo 2000; § 573.025, RSMo Supp.1999; § 573.010(1), RSMo Supp.1999.

However, it is apparent from the transcript of the trial proceedings that Defendant, the State, and the trial court became convinced that the portion of the revised version of § 573.025, RSMo 2000, that included a distinction based on the age of the person portrayed in the material, affected the proceedings at hand. There is some indication that the State made attempts to keep the focus on the pre–2000 statutes, but even it became swayed. One example occurred during the instruction phase of the trial where Defendant argued that there was an error in the instructions for the counts relating to child pornography in

the second degree. Defendant argued that the State had mistakenly referenced a class D felony level of potential penalty and punishment, because the correct level was class C. All parties agreed and the trial court authorized a re-writing of those instructions to correct the "error"; however, the potential penalty and punishment was correctly stated for promoting child pornography in the second degree for pre–2000. *See* § 573.035, RSMo Supp.1999. Promoting child pornography in the second degree was classified as a class D felony in the pre–2000 version, but as a class C felony following the 2000 revisions. *See* § 573.035, RSMo Supp.1999; § 573.035, RSMo 2000.

The State suggests that our analysis consider the fact that the instruction that ultimately was used for each of the two counts of promoting child pornography in the second degree effectively matches the pre–2000 instruction for promoting child pornography in the first degree. *See* MAI–CR 3d 327.14. The State's argument is based on the premise that the pre–2000 version of promoting child pornography in the first degree should have been used throughout the proceedings and that, given the similarity between the instruction that was used and the one that should have been used, Defendant was not prejudicially affected by any error that may have occurred at the trial level.

Cases exist where variances between an indictment or information and jury instructions are not fatal errors. *See State v. Dailey*, 53 S.W.3d 580, 586 (Mo. App.2001). In *Dailey* the Court determined that such a variance was not fatal unless it is both material and prejudicial. *Id.* Materiality exists when the variance affects whether the defendant received adequate notice; prejudice exists when the variance affects the defendant's ability to defend against the charges. *Id.* In other

cases, prejudice has been found to exist when the jury was misled in some way by the variance. *See State v. Davis*, 540 S.W.2d 122, 124 (Mo.App.1976). The State further argues that the alleged lack of prejudice provides a basis for us to correct the verdict. The State asks that if we reverse the convictions on the two counts of promoting child pornography in the second degree, we only do so to the extent that we remand the case to the trial court for it to correct the sentence and judgment and enter judgment of conviction against Defendant on two counts of promoting child pornography in the first degree, in violation of § 573.025, RSMo Supp.1999. However, no precedent exists for such action on our part.

Although precedent does exist under which we may remand to the trial court with instructions for it to correct the judgment and enter sentence and judgment of a lesser charge, none exists for us to remand to enter judgment of conviction and sentence for a greater charge. *See State v. Bryan*, 60 S.W.3d 713, 719 (Mo.App. 2001). We need not address the issue of whether the circumstances present in the case at bar provide a basis for us to analogize *Bryan* and utilize that case to remand in the manner in which the State suggests. The determinative analysis here rests on whether the pre–2000 statute for promoting child pornography in the second degree is a lesser included offense of the pre–2000 statute for promoting child pornography in the first degree. Before continuing, we reiterate that whether the 2000 version of promoting child pornography in the second degree is a lesser included offense of the 2000 version of promoting child pornography in the first degree should not have been at issue at trial and is not at issue on appeal, and, thus, will not be addressed.

■ "A person cannot be convicted of a crime with which he was not charged unless it is a lesser included offense of a charged offense." *State v. Roy*, 986 S.W.2d 923, 924 (Mo.App.1999). Section 556.046, RSMo Supp.1999, establishes when a defendant may be convicted of a lesser included offense of that which was charged in the indictment or information. Under § 556.046, an offense is a lesser included offense if: (1) the offense is established by proof of the same or less than all of the facts required to prove the offense charged, (2) the offense is specifically denominated by statute as a lesser degree of the offense charged, or (3) the offense consists of an attempt to commit the offense charged. To determine whether an offense is a lesser included offense, the focus is on the statutory elements of the offense charged and the proposed lesser included offense, not on the proof adduced at trial. *State v. Elliott*, 987 S.W.2d 418, 421 (Mo.App.1999).

■ It is not proper to instruct the jury on a lesser offense unless it is impossible to commit the greater offense without first committing the lesser included offense. *State v. Garms*, 750 S.W.2d 702, 704 (Mo.App.1988). In Missouri, the comparison process is often called the statutory elements test; in effect, all of the statutory elements of the proposed lesser included offense must be encompassed by the statutory elements of the greater offense. *See State v. Kirkland*, 684 S.W.2d 402, 406 (Mo.App.1984).

■ Comparing the pre–2000 versions of promoting child pornography in the first degree and promoting child pornography in the second degree, the statutory elements test is not met. The focus of promoting child pornography in the second degree is on selling, delivering, exhibiting, or otherwise making available child pornography. § 573.035, RSMo Supp.1999.

The focus of promoting child pornography in the first degree is on photographing, videotaping, producing, publishing, or otherwise creating child pornography. § 573.025, RSMo Supp.2000. It is possible for one to commit the crime of promoting child pornography in the first degree without first committing the crime of promoting child pornography in the second degree. Therefore, the pre–2000 version of promoting child pornography in the second degree is not a lesser included offense of promoting child pornography in the first degree, and it was error for the trial court to instruct the jury on that charge.

 "Due process requires that a defendant may not be convicted of an offense which is not charged in the indictment or information." *Brooks v. State,* 51 S.W.3d 909, 914 (Mo.App.2001) (*citing State v. Smith,* 592 S.W.2d 165, 165 (Mo. banc 1979)). The information or indictment puts a defendant on notice of the offenses with which he is charged, but also of all offenses that are lesser included offenses of those charged. *See State v. Hibler,* 5 S.W.3d 147, 150 (Mo.banc 1999). Therefore, as discussed above, a trial court may not instruct on an offense that is not contained in the indictment or information, unless it is a lesser included offense. *Brooks,* 51 S.W.3d at 914.

 Further, "in the absence of [an indictment or] information on the crime submitted to the jury, or a greater offense which includes all of the legal and factual elements of the crime, the [trial] court was without jurisdiction over the offense." *Garms,* 750 S.W.2d at 705. Under the circumstance where the trial court is without jurisdiction over the offense, "[t]he concept of harmless or nonprejudicial error has no application." *Id.* at 703. In effect, everything that occurs due to the error is a nullity. *See id.* Therefore, since Defendant was not put on notice of the charge of promoting child pornography in the second degree, the convictions and sentences on those counts are a nullity and must be reversed. *See id.* at 705.

 Double jeopardy protects a defendant from a second prosecution for the same offense after acquittal. *State v. Good,* 851 S.W.2d 1, 3 (Mo.App.1992). Defendant argues that the trial court's action constituted an acquittal of Defendant on the charge of promoting child pornography in the first degree and, thus, the State may not prosecute him again on that charge. It is true that the double jeopardy bar against retrial is absolute and that it is of no consequence whether an acquittal was correct or incorrect. *Barnes v. State,* 9 S.W.3d 646, 650 (Mo.App.1999). It is also true that a trial court is not obligated to instruct the jury on a lesser included offense unless there is a basis for the jury to: (1) acquit the defendant of the greater offense, which was charged, or (2) convict the defendant of the lesser included offense. *Hibler,* 5 S.W.3d at 148.

Since we determined that promoting child pornography in the second degree is not a lesser included offense of promoting child pornography in the first degree, Defendant was not acquitted based on the *Hibler* criteria. In addition, contrary to Defendant's contention, the record on appeal does not support an argument that the trial court acquitted Defendant of promoting child pornography in the first degree. Thus, there would not be a double jeopardy bar.

The trial court's judgment is affirmed with respect to the conviction on one count of abuse of a child, but Defendant's convictions on two counts of promoting child pornography in the second degree are reversed. The cause is remanded to the

trial court with instructions to set aside the convictions on the latter two counts.

GARRISON, P.J., and RAHMEYER, J., concur.