STATE of Missouri, Plaintiff–
Respondent,

v.

Jerry L. MOBLEY, Defendant–
Appellant.

No. 28585.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 23, 2008.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 15, 2008.

Application for Transfer Denied
Nov. 25, 2008.

---

Ellen H. Flottman, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anna L. Bunch, Asst. Atty. Gen., Jefferson Coty, MO, for respondent.

JOHN E. PARRISH, Presiding Judge.

Jerry L. Mobley (defendant) was convicted, following a jury trial, of three counts of failure to return to confinement. § 575.220.[1] Defendant was sentenced to seven years' imprisonment for each count. Defendant had previously been convicted and sentenced for three drug-related offenses. The sentences for failure to return to confinement were ordered served concurrently with each other and consecutive to the sentences in the drug-related cases. Defendant appeals the convictions for failure to return to confinement. This court affirms.

Defendant appeared in the Circuit Court of Lawrence County on June 14, 2005, for sentencing in Lawrence County Circuit Court Case Nos. CR404–244 FX (the first drug case) and CR404–541FX (the second drug case). The first drug case consisted of one count of possession of a controlled substance with intent to distribute, § 195.211.1, and one count of introduction of a controlled substance into a jail facility, § 221.111.1(1). The second drug case consisted of one count for possession of a controlled substance, § 195.202.1 and .3.

---

1. References to statutes are to RSMo 2000.

Defendant was sentenced to imprisonment for terms of ten years and seven years, respectively, in the first drug case and to imprisonment for a term of ten years in the second drug case. The sentences were concurrent. Defendant was remanded to the sheriff of Lawrence County for transfer to the department of corrections.

When the trial court granted allocution in the drug cases, defendant told the judge that he had "nine grandboys that wants [sic] to go to the lake today and go fishing." After sentences had been imposed, the judge allowed defendant to be "let ... out for six days, at which time [defendant was] to return." Defendant was "granted furlough till 6/20/05 at 5:00 a.m." He was directed to return to the Lawrence County Jail at the time designated for the furlough to end. He failed to do so. A capias warrant was issued for defendant's arrest. He was located at his residence and apprehended after a brief chase.

The state filed the criminal charges for failure to return to confinement that are the subject of this appeal. Defendant was found guilty on all three counts of failure to return to confinement.

■ Defendant's first point on appeal contends the trial court erred in denying his motions for judgment of acquittal because "the state failed to prove that [defendant] had ever been confined for the [offenses for which he was convicted in the two drug cases] in the Lawrence County jail, so he could not be convicted of failing to *return* to that confinement." (Emphasis in original.)

Section 575.220.1 provides:

*A person commits the crime of failure to return to confinement if,* while serving a sentence for any crime under a work-release program, or while under sentence of any crime to serve a term of confinement which is not continuous, or

*while serving any other type of sentence for any crime wherein he is temporarily permitted to go at large without guard, he purposely fails to return to confinement when he is required to do so.* [Emphasis added.]

Defendant's sentences to imprisonment in the department of corrections were imposed on June 14, 2005, and he was remanded to the custody of the sheriff of Lawrence County for the purpose of serving those sentences. The sheriff's obligation was to maintain custody over defendant and to transport him to the reception center of the department of corrections. Defendant was placed in confinement for purposes of serving the sentences imposed on him at that time. Following imposition of sentences in the drug cases and placement of defendant in the physical custody of the sheriff, the trial court temporarily permitted defendant to go at large without a guard for a period of six days at the end of which defendant was to return to confinement. By failing to return to the specified location, the Lawrence County Jail, defendant violated § 575.220.1.

In *State v. Dailey,* 53 S.W.3d 580 (Mo. App.2001), the Western District of this court addressed a claim similar to the one defendant raises in Point I. The defendant in *Dailey* was serving a sentence in the department of corrections. He had been in confinement at the Algoa Correctional System. He was to go to another facility, the Kansas City Community Release Center. He was permitted to proceed, without guard, to Kansas City with instructions that he go to the Kansas City facility, but he failed to do so. He was charged and convicted of failure to return to confinement in violation of § 575.220. On appeal he contended, as does defendant in this case, that it was error to convict him of the offense because since he had never been confined at the Kansas City Community

Release Center, he could not be guilty of failure to return to confinement there; that he "could not have failed to *return* to a place he had never been." *Id.* at 587 (emphasis in original). The Western District observed that "Section 575.220.1 says only that the prisoner must fail to 'return to confinement'—not that he must fail to return to the same institution in which he was originally confined." *Id.* It found that the evidence was sufficient to support the conviction for failure to return to confinement.

Here, defendant was sentenced to confinement and remanded to the custody of the sheriff. He thereafter was permitted to be on what the trial court described as "furlough" without guard, from which he did not return. The evidence was sufficient for the trial court to find that defendant failed to return to confinement; that he violated § 575.220.1. Point I is denied.

■ Defendant's Point II argues that the trial court erred in sentencing him for three separate offenses of failure to return to confinement. He contends that his actions were "a continuing course of conduct despite the state's charging three counts based on three underlying convictions for which sentences [defendant] was ordered to be confined."

■ The intent of the legislature determines whether multiple punishments may be imposed for the "same conduct." *State v. Kriebs,* 978 S.W.2d 460, 468 (Mo. App.1998). In order to ascertain the intent of the legislature, courts look first to the statute or statutes under which the defendant was convicted. *Id.* If the statute is silent, "recourse must be made to Missouri's general cumulative punishment statute, § 556.041." [2] *Id.* Defendant con-

tends that the statute that defines the offense of failure to return to confinement, § 575.220, does not contain language that would permit cumulative punishment under the facts of this case; that § 556.041(4) is applicable.

This court agrees that § 556.041(4) is applicable to this case; that § 575.220 does not contain language regarding multiple punishments. Section 556.041 states:

> When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if
>
> . . .
>
> (4) The offense is defined as a continuing course of conduct and the person's conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

The elements of failure to return to confinement set forth in § 575.220.1, as applicable to the facts in this case, are that a(1) defendant is serving a sentence for a crime; (2) he was temporarily permitted to go at large without a guard; and (3) he purposely failed to return to confinement when he was required to do so. In Point II, defendant does not challenge the existence of these elements. Rather, he asserts that the exception to when a person may be convicted of multiple offenses, described in § 556.041(4), applies. He contends that the evidence on which his three convictions for failure to return to confinement were based was the product of "a continuing course of conduct" that was uninterrupted. He argues that under the facts in this case, he could not be convicted of more than one offense.

**2.** § 556.041, RSMo 2000, is the same as the revision of that statute that was in effect in

*Kriebs.*

Defendant's argument fails to recognize that a distinct element of the offense of failure to return to confinement is that defendant is serving a sentence for a crime; that, in this instance, during the time defendant was permitted to go at large without a guard, defendant was serving sentences for three separate crimes: (1) possession of a controlled substance with intent to distribute; (2) introduction of a controlled substance into a jail facility; and (3) possession of a controlled substance. Defendant was permitted to go at large without a guard with respect to each of those sentences.

■ The jury was instructed in three separate verdict-directing instructions that defendant was serving a sentence for a particular, separate offense. The identification of each offense was a separate element of each of the three distinct offenses of failure to return to confinement of which defendant was found guilty. An element of the offense of failure to return to confinement is the identity of the offense for which a defendant was temporarily permitted to go at large without a guard. *State v. Burns,* 877 S.W.2d 111, 113 (Mo. banc 1994). *See also, State v. French,* 79 S.W.3d 896, 899 (Mo. banc 2002). Defendant was charged and convicted of three offenses of failure to return to confinement because defendant had been sentenced to confinement in three separate cases and had been permitted to go at large without a guard in each of the offenses. Defendant's conduct in failing to return to confinement with respect to each of the earlier cases in which he had been sentenced was a separate offense. Point II is denied. The judgment of conviction for three separate counts is affirmed.

BATES and SCOTT, J., concur.